### BLOOM v. JAFFE.

(Supreme Court, Appellate Term, First Department. March 13, 1916.)

MASTER AND SERVANT ☞393½, New, vol. 23 Key-No. Series—WORKMEN'S COMPENSATION ACT—COMPENSATION OF PHYSICIAN.

    Under Workmen's Compensation Act (Consol. Laws, c. 67) § 13, providing for medical service at the expense of the employer and for the inclusion of a claim for such service, when procured by the employé, in the award to the employé; section 24, giving the physician a lien upon the compensation awarded to the workman, to be paid therefrom only in the manner fixed by the commission; and section 33, forbidding the assignment of claims for exemptions or benefits—a physician has no right of action against an employer for medical services to an employé, though the employé has assigned to the physician a portion of his award included as compensation for medical services.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Simon Bloom against Max Jaffe. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Markewich & Horowitz (Samuel Markewich, of New York City, of counsel), for appellant.

Louis N. Jaffe, of New York City, of counsel, for respondent.

LEHMAN, J. The plaintiff is a physician, who apparently furnished medical services to an injured workman. It was conceded at the trial that the Workmen's Compensation Commission fixed the physician's compensation at $21. Apparently the parties meant by this concession that the Commission approved a claim for services of this amount and included it in the award to the workman, as provided by section 24 of the Workmen's Compensation Law. It is not expressly conceded, but it is quite apparent, that the defendant was the employer of the injured workman. The employé has assigned the award, or this portion of the award, to the plaintiff. Upon these facts the plaintiff has been awarded judgment for the sum of $21.

It seems to me quite plain that the physician has no cause of action. At common law a physician who rendered services to an injured employé had no right of action against the employer, although the injured employé might in a proper case have recovered the reasonable value of such services as part of his own damages. The Workmen's Compensation Act has given an injured employé a new kind of remedy, and seeks to compensate him for all injuries suffered in the course of his employment, regardless of whether these injuries were caused by the negligence of his employer. As part of this compensation it provides in section 13 for medical service at the expense of the employer, and where the employé has been compelled to procure such service himself the law makes provision for the inclusion of a claim for such service in a proper case in the award made to the employé.

The primary purpose of the statute is not, however, to provide compensation to physician, but solely to provide compensation to the injured employé for such medical service as the law permits him to procure at the expense of the employer. It does not, therefore, provide for any award to the physician, but merely gives the physician a lien upon the compensation awarded to the workman, which "shall be paid therefrom only in the manner fixed by the Commission." Section 24. In this case the plaintiff is not seeking to enforce his lien on the compensation awarded to the employé, but is seeking to recover the amount directly from the employer. Moreover, even if he were seeking to enforce his lien on the award in a direct proceeding before the commission, he would be bound to show that the Commission had fixed the manner of its payment. The assignment from the injured employé can, of course, give him no right of action, because the statute expressly declares that claims for exemptions or benefits due shall not be assigned. Section 33.

In basing this decision upon the ground that no award has been made to the plaintiff which he can enforce against the defendant, I certainly do not desire to imply that in any event payment of an award could be enforced against the employer, except by action instituted by the Commission as provided in section 26. Inasmuch as the plaintiff .has under no circumstances any direct claim for compensation

against the employer, we cannot upon this appeal consider in what manner the payment of compensation to an employé may be enforced.

Judgment reversed, with $10 costs, and complaint dismissed, with costs. All concur.