MUNSON *v.* CHRISTIE.

1. WORKMEN'S COMPENSATION — REMEDIES — EMPLOYEES AND DEPENDENTS.

Workmen's compensation act, in providing for remedial action, concerns only two classes of persons—employers and employees, the latter term being broadly used as including dependents (2 Comp. Laws 1929, § 8407 *et seq.*).

2. SAME—DEPARTMENT OF LABOR AND INDUSTRY—JURISDICTION.

The department of labor and industry has sole jurisdiction of all rights and remedies provided by the workmen's compensation act (2 Comp. Laws 1929, § 8455).

3. SAME—INDUSTRIAL ACCIDENTS—COMMON-LAW ACTIONS.

Employers and employees subject to the workmen's compensation act may not resort to common-law actions to secure adjudication of rights and liabilities arising from industrial accidents and employee's right to compensation incident to injury suffered is restricted to such as the act provides (2 Comp. Laws 1929, §§ 8455, 8478).

4. SAME—COMPENSATION AS CHARGE UPON INDUSTRY.

The primary purpose of the workmen's compensation act is to secure to injured employees or their dependents compensation which the legislature believed should be a charge upon industry payable through the employer (2 Comp. Laws 1929, § 8407 *et seq.*).

5. SAME—COMPENSATION INCLUDES SICK AND DEATH BENEFITS.

Compensation provided for an employee and his dependents by the workmen's compensation act includes not only the award in lieu of prospective earnings which employee loses because of injury but includes sick benefits for the 90-day period next ensuing accident and death benefits limited to $200 for last sickness and burial (2 Comp. Laws 1929, §§ 8420, 8424).

6. SAME—PARTIES—RECOVERY OF STATUTORY BENEFITS.

Since only an injured employee, or in case of his death, his dependents, may institute proceedings against an employer under the workmen's compensation act, each and all of the statutory

benefits, if recoverable at all, are determinable in a proceeding instituted by such parties (2 Comp. Laws 1929, § 8407 *et seq.*).

7. SAME — SURVIVAL OF RIGHTS AND BENEFITS AFTER EMPLOYEE'S DEATH.

The rights and benefits afforded employee by workmen's compensation act do not survive to his heirs as such (2 Comp. Laws 1929, § 8407 *et seq.*).

8. SAME—REPRESENTATIVE OF DECEASED EMPLOYEE OR HIS ESTATE.

The representative of a deceased employee or his estate cannot petition for an award under the workmen's compensation act since the act makes no provision for prosecution of proceedings before the commission by such party (2 Comp. Laws 1929, § 8407 *et seq.*).

9. SAME—SICK BENEFITS—SURVIVAL OF EMPLOYEE'S DEATH.

The 90-day sick benefit to which an injured employee is entitled under the workmen's compensation act survives his death and upon petition of his dependents should be awarded to the persons entitled thereto (2 Comp. Laws 1929, §§ 8417, 8420, 8460).

10. SAME—CONSTRUCTION OF STATUTE.

The workmen's compensation act should be so construed as to render all of its provisions operative and to carry out the purpose and intent of the enactment (2 Comp. Laws 1929, § 8407 *et seq.*).

11. SAME — DEATH OF EMPLOYEE — DISABILITY INDEMNITY — SICK BENEFITS.

Death of employee from an industrial accident merely terminates employer's liability for any further disability indemnity but does not affect his liability for sick benefits for 90-day period immediately following accident (2 Comp. Laws 1929, §§ 8420, 8428).

12. SAME—RULE-MAKING POWER—JURISDICTION.

The jurisdiction of the commission of the department of labor and industry is not enlarged by the grant of power to make rules of administration and procedure not inconsistent with · statute (2 Comp. Laws 1929, § 8311).

13. SAME—CHARACTER OF COMMISSION OF THE DEPARTMENT OF LABOR AND INDUSTRY.

The commission of the department of labor and industry functions primarily as an administrative body although vested with some *quasi*-judicial powers (2 Comp. Laws 1929, § 8407 *et seq.*).

14. Same—Direct Payment of Sick Benefits to Persons Entitled.
    The power of the department of labor and industry to award the
    90-day sick benefits to an injured employee is not abated by
    the employee's death and the benefit may be awarded to a
    petitioning dependent or directly to the person entitled thereto
    rather than either the injured employee or his dependents (2
    Comp. Laws 1929, § 8420).
    Wiest and Edward M. Sharpe, JJ., dissenting.

Appeal from Department of Labor and Industry.
Submitted October 2, 1934. (Docket No. 32, Cal-
endar No. 37,831.) Decided January 7, 1935.

Pearl Munson, as widow and administratrix, and
Charles Munson, minor son, presented their claim
against Philip Christie, employer, and Michigan
Mutual Liability Company, for accidental injuries
resulting in death of Merle Munson while in defend-
ant's employ. From award allowing doctors' and
nurse's bills, defendants appeal. Affirmed.

*Smith, Hunter & Spaulding,* for plaintiffs.

*Kerr, Lacey & Scroggie,* for defendants.

North, J. Petitioner, as widow of Merle Mun-
son, and as administratrix of his estate, applied to
the department of labor and industry for adjustment
of compensation and obtained an award by which the
employer of her late husband was ordered to pay
hospital, doctors' and nurse's bills incident to serv-
ices rendered the injured employee within the 90-
day period next succeeding his accidental injury.
See 2 Comp. Laws 1929, § 8420. The order reads as
follows:

"This cause having come on to be heard on the
appeal of the defendant from the award made by
the deputy commissioner on May 24, 1933, ordering

the payment, by the defendant, of the following bills for services rendered Merle Munson, deceased,—Dr. W. S. Bell, $32.15; Dr. W. T. Parker, $125; Dr. I. W. Greene, $20; Owosso Memorial Hospital, $125, and Mrs. Harold Tomlinson, $45; and after due consideration of the testimony in the case and the arguments of counsel (the commission having made a finding of facts and law) should be affirmed with the exception of the item for the Owosso Memorial Hospital which should be entered at $81 instead of $125.''

The employer and his insurer have appealed. The question presented is thus stated in appellants' brief:

''Does the right of the injured employee to compel an employer and insurance company to furnish reasonable hospital and medical items during the first 90 days, survive either to an administratrix of his estate or a dependent, or heir?''

Appellants contend the above-quoted question should be answered in the negative. This phase of the workmen's compensation law of this State has been a source of uncertainty and perplexity to those concerned with the administration of the act. 2 Comp. Laws 1929, § 8407 *et seq.* A somewhat general review of the nature, purpose and scope of the act should lead to clarification.

Consideration of the act discloses that insofar as it provides for remedial action, it concerns only two classes of persons—employers and employees, the latter term being used in its broader sense as including dependents. *City of Grand Rapids* v. *Crocker,* 219 Mich. 178. Herein we are concerned only with employers and employees who are under the workmen's compensation law. All rights and remedies provided by the act are to be asserted and

obtained through the commission created by the act.
Part 3, § 16 (2 Comp. Laws 1929, § 8455). In no
other forum can such rights or remedies be con-
sidered and determined. This necessarily follows
because employers and employees who are under the
terms of the act may not resort to common-law ac-
tions to secure adjudication of rights and liabilities
arising from industrial accidents. Part 3, § 16. As
to employers and employees under the act "the right
to compensation or damage" incident to an in-
dustrial injury suffered by an employee is restricted
to such as the act provides. It appears from the title
the act is one providing that as against the employer
the injured employee and his dependents have no
rights and can enforce no liability except those pro-
vided in the act. We need not read beyond the title
of the act to find this intent and purpose of the leg-
islature clearly expressed. In the body of the act
this provision reads:

"If the employee, or his dependents, in case of
his death, of any employer subject to the provisions
of this act files any claim with, or accepts any pay-
ment from such employer, or any insurance company
carrying such risks, or from the commissioner of in-
surance on account of personal injury, or makes any
agreement, or submits any question to arbitration
under this act, such action shall constitute a release
to such employer of all claims or demands at law, if
any, arising from such injury." Part 6, § 1 (2
Comp. Laws 1929, § 8478).

See, also, part 3, § 16.

The workmen's compensation act by legislative
fiat fixes the rights and liabilities of employers and
injured employees and provides a means or forum
for determining such rights and liabilities in cases
of controversy between employers and injured em-

ployees or their dependents. The primary purpose of this legislation is to secure to the injured employee, and in the event of his death resulting from such injury, to his dependents, compensation which the legislature believed should be a charge upon the industry and made payable through the employer. The "compensation" provided for the employee and his dependents is not only the award in lieu of prospective earnings which the employee loses in consequence of his injury, but "compensation" in its broader sense as used in this statute includes what may be termed sick benefits for the 90-day period next ensuing the accident and "in addition" it includes in the event of his death as a result of the injury, the expense of his last sickness and burial, this latter item being limited to $200. These provisions for his care during the first 90 days and for the expense of last sickness and burial are clearly compensation to the employee and his dependents in that they are thereby saved from and compensated for the burden and expense to which they or some of them presumably would otherwise be subjected. While it is true that in some instances in the workmen's compensation act the expression "compensation" is not used in this broad sense and that the respective phases of compensation are specifically referred to in other terms, still consideration of the act as a whole leads to the conclusion that in order to carry out the legislative intent and to properly construe the act, "compensation" recoverable by the employee and his dependents must usually be understood in its broader sense.

We come then to the question more pertinent to the instant case: who under the provisions of the workmen's compensation act can proceed before the department of labor and industry for the purpose

of securing determination of the rights or benefits afforded by the statute? The act contains its own procedural provisions. Under these provisions only two classes of persons may (except in cases of minors or incompetents) institute proceedings against the employer before the commission: (1) the injured employee, and (2) his dependents in the event of his death resulting from the injury. By reasonable inference, and we may say almost necessary inference, it follows that each and all of the statutory benefits, if recoverable at all, are to be determined in a proceeding instituted by the injured employee or in the event of his demise by his dependents. *Johns* v. *Wisconsin Land & Lumber Co.*, 268 Mich. 675.

As noted above, the specific question presented on this appeal is the right of a dependent after the death of the injured employee to institute and prosecute proceedings before the commission for the purpose of determining the employer's liability for reasonable hospital, doctor's and nurse's services and for medicines during the 90 days next succeeding the injury to the employee. In this case these items were not furnished by the employer nor were proceedings instituted incident thereto during the lifetime of the injured employee. His statutory right to prosecute such a proceeding, were he living, is not questioned. But it is asserted by appellants that this statutory provision for care during the 90 days is solely for the benefit of the injured employee; and if he fails to enforce it during his lifetime the right to do so abates upon his death. It is settled that the rights and benefits afforded the employee by this act do not survive to his heirs as such. And we can agree with appellants that the act contains no provision for prosecution of a proceed-

ing before the commission by a representative of the deceased or of his estate, and therefore such representative cannot petition for an award. *Schlickenmayer* v. *City of Highland Park,* 253 Mich. 265. But it does not follow, as asserted by appellants herein, that the right to obtain an award of compensation for services rendered during the 90 days following the accident as provided in part 2, § 4 of the act (2 Comp. Laws 1929, § 8420) abates upon the death of the injured employee. To hold that the death of the injured employee bars determination of an award under this section would defeat the express purpose and contravene the clear intent of the legislature.

Part 2 of the workmen's compensation act is headed "compensation" (2 Comp. Laws 1929, § 8417 *et seq.*). The separate provisions for compensation should be kept in mind. Section 4 reads:

"During the first ninety days after the injury the employer shall furnish, or cause to be furnished, reasonable medical, surgical and hospital services and medicines when they are needed."

Section 8 provides for expenses of last sickness and burial; section 9 for total incapacity; section 10 for partial incapacity; and sections 5 and 12 provide for "death benefits" to the employee's dependents. As bearing upon the question of the right to petition for an award under section 4 above quoted surviving to the dependents of the employee in the event of his death resulting from the accident, we think part 2, § 1 expresses the legislature's purpose and intent. This section in part reads:

"If an employee * * * receives a personal injury arising out of and in the course of his employment by an employer who is at the time of such

injury subject to the provisions of this act, he shall be paid compensation in the manner and to the extent hereinafter provided, *or in case of his death resulting from such injuries such compensation shall be paid to his dependents as hereinafter defined.*"

Subsequent provisions of the act are in harmony with the construction that the legislature by that portion of part 2, § 1 above italicized intended to provide and did provide that the 90-day benefit embodied in section 4 should survive the death of the injured employee and upon petition of his dependents be awarded "to the persons entitled thereto." In part 3, § 17, subd. (e) (2 Comp. Laws 1929, § 8456), it is provided that upon the death of the injured employee the employer shall make a detailed report to the department of labor and industry which report shall (among other items) state "whether employer furnished all medical aid required during the final illness;" also the "name and address of person who incurred the expense of the burial of the deceased; name and address of the person to whom any expense of final illness is due." This provision relates to "final illness," but the question of its enforcement after death of the employee is the same as that incident to the 90-day provision. It would be idle to require the employer to make a report of this character if recovery was barred by death of the employee. Again by part 4, § 1 (2 Comp. Laws 1929, § 8460), the insurer is required to provide in its bond:

"That it will furnish or cause to be furnished to all employees of the said employer, all reasonable medical, surgical and hospital services and medicines when they are needed which the employer may be obligated to furnish or cause to be furnished; * * * *and that it will pay to the persons entitled thereto*

for all said reasonable medical, surgical and hospital services and medicines when they are needed.''

It may also be noted that in the section providing for ''last sickness and burying'' (part 2, § 8), which has to do with the rights and conditions after death of the employee, the act provides that the $200 should be *''in addition* to any sum the employer *may be required* to pay under the provisions of section four of part two of this act.'' If the latter provision abated with the death of the employee it would seem the legislature would have so indicated by providing ''in addition to any sum the employer *may have been required* to pay,'' etc. The fair inference is that the legislature intended the commission should continue to have jurisdiction to order payment under part 2, § 4, notwithstanding death resulted from the injury to the employee. We think these and other provisions of the act clearly indicate that the legislature intended that within the limitations of the statute the benefits provided for the 90-day period specified in part 2, § 4, should be paid by the employer to or at least for the benefit of ''the persons entitled thereto'' and that such liability is not affected by the death of the employee. Surely there is no sound reason or justice, if the statute can fairly be otherwise construed, in holding that the legislature intended the doctor or the nurse or the hospital or the one furnishing medicines should lose the right to be awarded the reasonable value of such services under the terms of this act merely because the employee, who has no actual financial interest in this portion of the award, dies before the commission makes its determination. It is a rather far-fetched assumption and almost unthinkable that the legislature intended this phase of compensation due from the employer would be *ipso facto* nullified by

the death of the injured employee, thereby placing a premium on the employer's violation of his statutory duty. And such a conclusion cannot be harmonized with the provision in the insurer's bond that payment of these benefits shall be made "to the persons entitled thereto." If the legislature had intended to secure such payment to the *employee* only, it would have so provided instead of using the words just above quoted.

If reasonably possible the statute should be so construed as to render all of its provisions operative and to carry out the purpose and intent of the enactment. We think it is clear from the statute as a whole that while the phase of compensation provided in part 2, § 4 is for the benefit of the injured employee, the duty of furnishing the services therein specified is imposed upon the employer. Surely if he "furnished" (as stated in the statute) these services the subsequent death of the employee would not free the employer of this burden; but if the employer does not voluntarily "furnish" the services provided in part 2, § 4, then the department of labor and industry under the administrative powers given to it by the statute may determine by way of an award that the employer shall pay the reasonable amount of such services "to the persons entitled thereto." As noted above, appellants do not question the power of the commission to make this award upon the petition of the injured employee. But there is no more specific provision in the statute for such award being made upon the petition of the injured employee than there is for its being made upon the petition of his dependents. In either case, regardless of the exact terms used, the award is made for the use and benefit "of the persons entitled thereto,"

and should be held to survive the death of the injured employee.

Without going into detail, another reason for adopting the construction that the award for services provided in part 2, § 4, can be made upon the petition of a dependent of the injured employee is that there can be no recovery by anyone of any benefit provided by this act or the enforcement of any right created thereby in a common law proceeding. Instead the sole jurisdiction incident to determination of awards under the act is vested in the department of labor and industry and the statute only authorizes prosecution of a proceeding against the employer before the commission by an injured employee or his dependents, except in cases of minors or incompetents.

In construing the statute and determining the question raised by this appeal, we have not overlooked the provision contained in part 2, § 12, which, at least in part, is relied upon by appellants. It reads:

"The death of the injured employee prior to the expiration of the period within which he would receive such weekly payments shall be deemed to end such disability, *and all liability for the remainder of such payments which he would have received in case he had lived shall be terminated,* but the employer shall thereupon be liable for the following death benefits in lieu of any further *disability indemnity.*" (2 Comp. Laws 1929, § 8428.)

We think the fair and reasonable construction applicable to the above quoted part of the act is that it pertains only to that portion of compensation provided by the statute which has to do with "disability indemnity," meaning loss of prospective earnings resulting from disability of the employee.

Otherwise the legislature more simply and more clearly could have and presumably would have said that death of the injured employee terminated all liability for compensation of any kind. Instead the quoted provision is confined to "such weekly payments," meaning the portion of the award granted in lieu of lost prospective wages and here designated as "disability indemnity." We think the provision in no way qualifies part 2, § 4, which definitely imposes upon the employer the duty of furnishing proper medical and hospital services for the injured employee during the period of 90 days, next following the accident.

Another reason for construing the compensation act as hereinbefore indicated is that to the end of rendering the act fully operative the legislature vested the commission with plenary rule-making power.

"The commission may adopt rules and regulations not inconsistent with law, for the governing of its own organization and procedure." Act No. 43, § 2, Pub. Acts 1921, being 2 Comp. Laws 1929, § 8311.

The jurisdiction of the commission is not enlarged by its rule-making power; but it is thereby vested with full authority to adopt such procedure and rules of administration, not inconsistent with the statute, as will enable it most effectively to administer the law and accomplish the purpose of the act. While vested with some *quasi*-judicial powers, the commission functions primarily as an administrative body. From consideration of the workmen's compensation act as a whole, we think the commission is vested with power upon hearing initiated by an injured employee to determine and award reasonable compensation for the services provided in

part 2, § 4 of the act; and that such power is not abated by the death of the employee resulting from the injury, but that thereupon the determination may be made by the commission upon petition of a dependent.   Further, that since the beneficial interest in such awards is in "the persons entitled thereto;" the commission in the exercise of its administrative powers may very properly order the payment of these awards to such persons rather than to the injured employee or to a dependent.

The exact question herein presented for review is one of first impression in this jurisdiction; and we have found no precedent in any other jurisdiction wherein decision was not controlled by statutory provisions differing from those in this State.   Even as to the general questions hereinbefore considered, there is a decided lack of harmony in decisions of courts of last resort.   This in part is due to dissimilar provisions in the statutes of the various States. The decision in each case must therefore be read in the light of the statutory provisions in that jurisdiction.   Many of the authorities are noted in 2 Schneider on Workmen's Compensation Law (2d Ed.), chap. 11.   As bearing somewhat on certain phases of the law herein considered the following decisions are interesting: *Scott* v. *Hower & Stender,* 88 Pa. Sup. 17; *Bloom* v. *Jaffe,* 94 Misc. Rep. 222 (157 N. Y. Supp. 926); *Semmen* v. *Butterick Pub. Co.,* 101 Misc. Rep. 285 (166 N. Y. Supp. 993); *Louis Bossert & Sons* v. *Piel Bros.,* 112 Misc. Rep. 117 (182 N. Y. Supp. 620).

The award made in the instant case is affirmed, with costs to appellee.   If deemed necessary the case will be remanded to the department of labor and industry for modification of the form of the award as entered therein.

POTTER, C. J., and NELSON SHARPE, FEAD, BUTZEL, and BUSHNELL, JJ., concurred with NORTH, J.

EDWARD M. SHARPE, J. (*dissenting*). The facts in this case are not in dispute. Merle Munson, the deceased, sustained a compensable accident through an injury to his left hand, resulting in blood poisoning. He died in the Owosso Memorial Hospital October 17, 1932. Between September 26 and October 17, 1932, he was treated by three different surgeons and physicans, and the expenses for the hospital, nurse and doctors amounted to the sum of $303.15.

The widow and infant son made application for adjustment of claim and on March 20, 1933, the department affirmed the deputy commissioner's award allowing compensation and $200 for the last sickness and burial of deceased, but denied the hospital and doctor bills on the theory that the widow and son in their own right were not the proper parties to pay this money to; thereupon the widow qualified and filed a petition as administratrix of the estate of Merle Munson, as general guardian of his minor son, and as widow of Merle Munson. On May 24, 1933, the deputy commissioner allowed the claim and the award was affirmed by the department of labor and industry February 13, 1934.

Defendants appeal and contend that the right of the injured employee to compel an employer and insurance company to furnish reasonable hospital and medical expenses during the first 90 days does not survive to an administratrix of his estate or to a dependent or heir.

Part 2, § 4 of the compensation act (2 Comp. Laws 1929, § 8420) reads as follows:

"During the first ninety days after the injury the employer shall furnish, or cause to be furnished,

reasonable medical, surgical and hospital services and medicines when they are needed.''

And part 2, § 8, of the act (2 Comp. Laws 1929, § 8424) reads as follows:

''If death results from the injury the employer shall pay, or cause to be paid as hereinafter provided, in addition to the indemnity paid to dependents, the reasonable expense of his last sickness and burying, which shall not exceed two hundred dollars in addition to any sum the employer may be required to pay under the provisions of section four of part two of this act.''

Part 2, § 12 of the compensation act (2 Comp. Laws 1929, § 8428) provides,

''The death of the injured employee prior to the expiration of the period within which he would receive such weekly payments shall be deemed to end such disability, and all liability for the remainder of such payments which he would have received in case he had lived shall be terminated, but the employer shall thereupon be liable for the following death benefits in lieu of any further disability indemnity,'' etc.

The compensation law is contractual and the liability of an employer, by virtue of the workmen's compensation act, rests solely upon contract. *Dettloff* v. *Hammond, Standish & Co.*, 195 Mich. 117 (14 N. C. C. A. 901). It is also in derogation of the common law and should be strictly construed. *Andrejwski* v. *Wolverine Coal Co.*, 182 Mich. 298 (Ann. Cas. 1916 D, 724, 6 N. C. C. A. 807). The act is silent in that it specifically fails to point out who has the right to collect for expenses incurred prior to the death of deceased and as contemplated by part 2, § 4 of the act.

It is the claim of the defendants that after the act was amended as above quoted there were left only

two classes of beneficiaries: first, the injured employee, and second, in case of death of the injured employee, then certain of his dependents, and that no other class of persons can prosecute a claim before the department of labor and industry.

From an examination of the act we find that nowhere does it provide in specific terms that the compensation which would be paid to an injured employee had he lived be paid, in the event of death, to his estate for the benefit of his creditors and his heirs, who are not named within the class of persons who may be dependent.

In *Finn* v. *Railway*, 190 Mich. 112, 119 (L. R. A. 1916 C, 1142, 13 N. C. C. A. 187), this court has said, "the purpose and scope of this statute is compensation to dependents when death or injury befalls the workman. It touches no other property rights arising out of the domestic relations."

In *Roberts* v. *Whaley*, 192 Mich. 133, 136 (L. R. A. 1918 A, 189), Mr. Justice BIRD, speaking for the court, said:

"This proceeding, however, is based upon a statute which provides a fund, not for the benefit of the workingman's estate, not for the benefit of his creditors, not for those equitably entitled to be supported by him, but the fund is provided for the benefit of those dependent on his labor at the time of his death."

In view of the fact that part 2, § 12, provides that death terminates all liability of the deceased, we must conclude that the compensation provided for in the act is for dependents and not for creditors of estates.

In *Hill, Administrator,* v. *Kerens-Donnewald Coal Co.,* 210 Ill. App. 560, the court said, "we therefore hold that no right of recovery exists in favor of appellant as such administrator by reason of the

alleged failure to furnish a physician as charged in the declaration, as such right of recovery is not given by the provisions of said statute.''

It must then follow that there are only two classes of beneficiaries, first, the injured employee and second, in case of death, certain of his dependents. In the first case compensation is paid for the consequence of industrial accident suffered by the injured person and is confined to his loss before death, and in the second case the rights of the dependents only accrue upon the death of the decedent. The act makes no provision authorizing the payment of compensation in death cases to an administrator of the estate of the deceased employee. It, however, expressly provides that in such cases the payments shall be made directly to the dependents, excepting, however, in cases where dependents are minors or incompetents.

During the lifetime of deceased, he was the only one entitled to compensation or to reimbursement for money expended for medical and hospital expenses incurred as a result of a compensable injury and upon his death such expenditure is not recoverable under the compensation act but is an asset of his estate. The plaintiff, as widow, heir at law or dependent had no legal claim against such assets. Her rights insofar as the compensation act is concerned arose as a dependent only, upon the death of decedent. To hold otherwise would be to invade the province of the legislature. This we may not do.

The award should be vacated with costs to appellants.

Wiest, J., concurred with Edward M. Sharpe, J.