JESIONOWSKI *v.* ALLIED PRODUCTS CORPORATION.

1. JUDGMENT—RES JUDICATA—SUBJECT MATTER—PARTIES.
   Judgment of circuit court, on appeal from probate court in a proceeding for determination of heirs, that plaintiff was the common-law wife of deceased employee of defendants is not conclusively binding upon the workmen's compensation commission nor the State treasurer as custodian of the second-injury fund in a proceeding for compensation as the commission is vested with plenary power to determine all factual issues in such proceedings, the subject matter in the 2 proceedings was wholly different and foreign and the parties were not the same (CL 1948, §§ 412.8a, 413.6, 413.12, 413.16).

2. WORKMEN'S COMPENSATION—QUESTIONS FOR TRIER OF FACTS—JURISDICTION OF COMMISSION.
   Exclusive jurisdiction to determine factual issues essential to an award of workmen's compensation is conferred upon the workmen's compensation commission (CL 1948, §§ 413.6, 413.12, 413.16).

3. SAME—CREDIBILITY OF ALLEGED COMMON-LAW WIFE.
   Credibility of plaintiff, whose relations with defendant employer's deceased employee were admittedly meretricious in their inception, was for the workmen's compensation commission, under her claim that subsequent to the removal of the employee's impediment to marry, they consummated a common-law marriage and such position was sustained in a judgment of

REFERENCES FOR POINTS IN HEADNOTES
[1] 30 Am Jur, Judgments, §§ 179, 220.
[1-3] 58 Am Jur, Workmen's Compensation, §§ 398, 405, 459.

the circuit court on appeal from a probate court judgment in a proceeding for determination of heirs (CL 1948, §§ 413.6, 413.12, 413.16).

4. SAME—COMMON-LAW WIFE—SECOND-INJURY FUND.
    Award denying workmen's compensation to alleged common-law wife of deceased employee and awarding compensation to the State treasurer for the credit of the second-injury fund *held*, proper under record presented (CL 1948, §§ 412.8a, 413.6, 413.12, 413.16).

Appeal from Workmen's Compensation Commission. Submitted October 4, 1950. (Docket No. 15, Calendar No. 44,574.) Decided December 5, 1950.

Stefani Jesionowski presented her claim for compensation against Allied Products Corporation, employer, for compensation resulting from death of her alleged husband. The State Treasurer, as custodian of the second-injury fund, intervened. Award to second-injury fund. Plaintiff appeals. Affirmed.

*Harry S. Bennett, Maxwell I. Silverstein, Charfoos, Gussin & Weinstein (Carl Gussin,* of counsel), for plaintiff.

*Lacey, Scroggie, Lacey & Buchanan,* for defendant employer.

NORTH, J. The main issue presented on this appeal is plaintiff's contention that a judgment entered in the circuit court, upon appeal from the probate court, holding that plaintiff was the common-law wife of Anthony Jesionowski, deceased, is conclusively binding upon his employer in this proceeding before the workmen's compensation commission, wherein plaintiff as the alleged dependent widow of the deceased employee (Anthony Jesionowski) sought an award of dependency compensation. Appellant, who claims she was the common-law wife of

the deceased employee, contends that the commission's denial of an award of compensation on the ground that she was not the common-law wife and now the widow of Anthony Jesionowski was erroneous. We think plaintiff's contention is not tenable.

Plaintiff's position is that the judgment entered in the circuit court that she was the common-law wife of Anthony Jesionowski is in the instant proceeding binding as *res judicata* on the compensation commission, the defendant employer, and the State treasurer as the custodian of the second-injury fund,* an adverse claimant. The circuit court judgment, from which no appeal was taken, was an adjudication on appeal from the probate court, taken incident to plaintiff's petition for a determination of heirs in the estate of Anthony Jesionowski, deceased.

First it should be noted that workmen's compensation commission proceedings are wholly statutory. *Hebert* v. *Ford Motor Co.,* 285 Mich 607. The statute contains the following provisions:

"Any controversy concerning compensation shall be submitted to the compensation commission." CL 1948, § 413.6 (Stat Ann 1949 Cum Supp § 17.180).

"All questions arising under this act shall be determined by the compensation commission." CL 1948, § 413.16 (Stat Ann 1949 Cum Supp § 17.190).

"The findings of fact made by the compensation commission acting within its powers, shall, in the absence of fraud, be conclusive, but the Supreme Court shall have power to review questions of law involved in any final decision or determination of said compensation commission." CL 1948, § 413.12 (Stat Ann 1949 Cum Supp § 17.186).

---

* See CL 1948, § 412.8a (Stat Ann 1949 Cum Supp § 17.158[1]).—REPORTER.

From the foregoing statutory provisions it seems clear that the legislature has vested plenary power in the compensation commission, as a quasi-judicial agency, to determine all essential factual issues in workmen's compensation proceedings. And it follows that in such proceedings no other agency or tribunal has jurisdiction to hear and determine such issues as to which there is conflicting competent evidence. Whether at the time of Anthony Jesionowski's death plaintiff was or was not his widow turned upon whether she was his common-law wife. That, in the instant case, presented a controlling issue of fact as to which there was competent testimony disclosing facts in support of the commission's finding that plaintiff was not the common-law wife of Anthony Jesionowski. As to that factual issue plaintiff's credibility was for determination of the commission. The issue of plaintiff's alleged common-law marriage was for determination of the commission, notwithstanding the claim of plaintiff, whose relations with Anthony Jesionowski in their inception were admittedly meretricious, that subsequent to termination by divorce of his impediment to marry, he and plaintiff consummated a common-law marriage. While it refers to a different issue, in the law case of *Morris* v. *Ford Motor Co.*, 320 Mich 372, we said:

"Under the statutes above noted *exclusive* jurisdiction over the issue thus presented [plaintiff's right to compensation] is conferred upon the compensation commission."

In addition to the foregoing, there are obvious reasons why plaintiff's reliance on *res judicata* is not tenable. The subject matter involved in the probate court proceedings, and finally on appeal in the circuit court, was wholly different and foreign to the issue being litigated in the instant case. Further,

the parties litigant were by no means the same. Neither the defendant employer nor the State treasurer in behalf of the second-injury fund, for which he asserts an adverse claim to the compensation to be paid by defendant employer, was a party to the litigation in the law courts. The authorities holding that under such circumstances *res judicata* does not result are so numerous and elementary that we deem citations unnecessary.

The award of the compensation commission denying plaintiff's application for dependency compensation and awarding compensation to the State treasurer for the credit of the second-injury fund is affirmed, with costs.

BOYLES, C. J., and REID, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.