CORRIGAN, J.
(dissenting). I respectfully dissent from the lead opinion’s determination that plaintiff is an “employee” within the meaning of the Worker’s Disability Compensation Act (WDCA), MCL 418.101 et seq. *542 Although I agree with the lead opinion’s analysis of this substantive issue, and would also conclude that plaintiff was Mr. Food’s employee at the time of his accident, I believe that we should first address the question of our jurisdiction.[1] It appears that the Worker’s Compensation Bureau (WCB)[2] has exclusive jurisdiction over consideration of plaintiffs employment status. I would specifically direct the parties to brief the important jurisdictional question presented in the amicus brief of the Workers’ Compensation Law Section of the State Bar of Michigan.[3]
I am persuaded that Sewell v Clearing Machine Corp, 419 Mich 56; 347 NW2d 447 (1984), was wrongly decided. It held that the WCB and the circuit court share jurisdiction to determine a worker’s employment status. Sewell’s assumption of jurisdiction shared with the WCB violated the plain language of MCL 418.161 without even so much as an analytic nod to the statutory scheme conferring jurisdiction in the WDCA. Sewell overruled longstanding authority that had correctly implemented the statute, including Szydlowski v Gen Motors Corp, 397 Mich 356; 245 NW2d 26 (1976).[4] Moreover, it contradicted the legislative scheme estab *543 lished to determine disputes involving the award of worker’s compensation benefits.
We should review the fundamental question of our jurisdiction as it affects not only the proper exercise of judicial authority in this case, but in the myriad cases involving the exclusive remedy provision. I believe that the parallel universe that Sewell created is illegitimate. It offends the separation of powers and should be ended.
Because of the major jurisprudential significance of the jurisdictional issue, I would follow the same approach that we employed in Lapeer Co Clerk v Lapeer Circuit Court, 469 Mich 146; 665 NW2d 452 (2003), and Lapeer Co Clerk v Lapeer Circuit Judges, 465 Mich 559; 640 NW2d 567 (2002). I would sever and resolve the jurisdictional problem before tackling any remaining issues.
I. FACTS AND PROCEDURAL HISTORY
In summer 1997, plaintiff was hired as a full-time delivery person by defendant Mr. Food, Inc. Unsatisfied with plaintiffs performance, Mr. Food terminated plaintiffs employment in December 1997. Between December 1997 and May 7, 1998, defendant Hadley, an employee of Mr. Food, hired plaintiff to assist him in deliveries on an as-needed basis. Defendant Herskovitz, the owner of Mr. Food, paid plaintiff about $35 to $40 a day in cash on five to seven occasions. Plaintiff also worked at various jobs, including house painting and general labor, during this four-month period.
On May 7, 1998, plaintiff was a passenger in defendant Mr. Food’s delivery truck, assisting defendant *544 Hadley as he had on earlier occasions. Plaintiff expected to be paid for his services in cash that day. The truck was struck by defendant Yackell’s vehicle when it did not stop at a red light.[5] Plaintiff was seriously injured as a consequence of the accident.
Plaintiff filed suit, alleging that Yackell was negligent in failing to stop at the red light, and that Mr. Food was vicariously liable for defendant Hadley’s negligence in failing to avoid the collision. Defendants properly raised and preserved their claim that the worker’s compensation exclusive remedy provision barred plaintiffs cause of action, as the Sewell regime provided. For example, the joint pretrial order reflects that whether the exclusive remedy provision precluded plaintiffs claim was an issue of law to be litigated. Even plaintiffs opening statement raised the applicability of the WDCA’s exclusivity provision:
On that day, Ricky Reed received a telephone call from Buddy Hadley, and asked him to work-under-the-table for $40, as he had done several times since being let go from Mr. Food. And Mr. Herskovitz would pay him $40 to help Mr. Hadley deliver meat on his route in a big freezer truck.
The evidence is going to show that not only had Mr. Herskovitz paid him in the past, but he [was] going to pay him to assist Mr. Hadley on this case.
At the close of plaintiffs proofs, Mr. Food moved for a directed verdict, arguing again that plaintiff was an employee of Mr. Food at the time of the accident, so that the WDCA was plaintiffs exclusive remedy. MCL 418.131(1). The circuit court denied the motion. Following a jury verdict in plaintiffs favor, Mr. Food moved for judgment notwithstanding the verdict (JNOV) under MCR 2.610(1), reiterating its argument that plaintiffs *545 exclusive remedy under worker’s compensation precluded plaintiffs claim.[6] The circuit court again denied that motion.
The Court of Appeals affirmed the trial court’s denial of Mr. Food’s motions for a directed verdict and JNOV[7] It held that, although plaintiff was under an implied contract of hire with Mr. Food, he was an independent contractor at the time of the accident and, therefore, worker’s compensation benefits were not plaintiffs exclusive remedy.
Mr. Food sought leave to appeal in this Court. In lieu of granting leave, this Court vacated the Court of Appeals opinion and remanded the case to the circuit court to determine whether plaintiff was an employee within the meaning of MCL 418.161(1) (Z) and (n).[8] On remand, the circuit court held that plaintiff was not an employee, but an independent contractor, because he maintained a separate business as a day laborer and held himself out to the public as a day laborer. This Court then remanded the case to the Court of Appeals to reconsider whether plaintiff was an employee within the meaning of MCL 418.161(1)(Z) and (n) in light of the *546 circuit court’s findings of fact.[9] The Court of Appeals affirmed.[10]
This Court granted the application of defendants Mr. Food and Hadley for leave to appeal on the issue of plaintiff’s employment status on the date of the accident.[11] On April 12, 2005, the Workers’ Compensation Law Section filed an amicus brief squarely raising the Sewell jurisdictional issue for the first time. Neither plaintiff nor defendants answered the amicus brief.
II. STANDARD OF REVIEW
The issue of subject-matter jurisdiction turns on questions of statutory and court rule interpretation and thus presents a question of law. Lapeer Circuit Judges, supra at 566. This Court reviews questions of law de novo. Id.; Cain v Waste Mgt, Inc (After Remand), 472 Mich 236; 697 NW2d 130 (2005). This case also has constitutional implications regarding the legitimate scope of judicial power, which is also subject to review de novo. Warda v Flushing City Council, 472 Mich 326; 696 NW2d 671 (2005).
III. DISCUSSION & ANALYSIS
A. SUBJECT-MATTER JURISDICTION
Subject-matter jurisdiction may be raised at any time by the parties, or sua sponte by a court. Nat’l Wildlife Federation v Cleveland Cliffs Iron Co, 471 Mich 608, 630; 684 NW2d 800 (2004); MCR 2.116(D)(3). Subject-matter jurisdiction involves the power of a court to hear *547 and determine a cause or matter. Langdon v Wayne Circuit Judges, 76 Mich 358, 367; 43 NW 310 (1889). Since subject-matter jurisdiction is the foundation for a court to hear and decide a claim, it may be considered by the court on its own at any time. In re Estate of Fraser, 288 Mich 392, 394; 285 NW 1 (1939).
In Joy v Two-Bit Corp, 287 Mich 244, 253-254; 283 NW 45 (1938), this Court defined subject-matter jurisdiction as
“the right of the court to exercise judicial power over that class of cases; not the particular case before it, but rather the abstract power to try a case of the kind or character of the one pending; and not whether the particular case is one that presents a cause of action, or under the particular facts is triable before the court in which it is pending, because of some inherent facts which exist and may be developed during the trial.” [Citation omitted.]
Subject-matter jurisdiction is conferred on the court by the authority that created the court. Detroit v Rabaut, 389 Mich 329, 331; 206 NW2d 625 (1973). Const 1963, art 6, § 1 created the current judicial system in Michigan; it provides for one Supreme Court, the Court of Appeals, one circuit court of general jurisdiction, one probate court, and “courts of limited jurisdiction that the legislature may establish ....”
Const 1963, art 6, § 4 provides that this Court has “general superintending control over all courts; power to issue, hear and determine prerogative and remedial writs; and appellate jurisdiction as provided by rules of the supreme court.” This Court’s appellate jurisdiction to review and pass on decisions of the lower courts necessarily assumes that the lower courts properly exercised subject-matter jurisdiction over the case. If a lower court improperly exercised jurisdiction over a matter delegated to another governmental branch, this *548 Court is devoid of appellate jurisdiction over the subject matter of the case because the Constitution provides no basis for this Court to exercise a power delegated to another department of government. On the contrary, Const 1963, art 3, § 2 specifically provides that “[n]o person exercising powers of one branch shall exercise powers properly belonging to another branch except as expressly provided in this constitution.”
As this Court explained in Bowie v Arder, 441 Mich 23, 56; 490 NW2d 568 (1992):
When a court lacks subject matter jurisdiction to hear and determine a claim, any action it takes, other than to dismiss the action, is void. Further, a court must take notice of the limits of its authority, and should on its own motion recognize its lack of jurisdiction and dismiss the action at any stage in the proceedings. [Citation omitted.]
The specific threshold jurisdictional issue here is whether the Legislature has exclusively delegated to the WCB the power to decide the application of the WDCA to the class of cases that includes plaintiffs case. If that is so, then this Court and the lower courts are divested of subject-matter jurisdiction to determine a plaintiffs employment status for WDCA purposes, and this Court has no choice but to dismiss this case. Proper resolution of this jurisdictional question is critical because it determines whether a jury or a specialized agency will hear and decide the claim. The WDCA actually prohibits a circuit court from exercising subject-matter jurisdiction to decide any questions arising under the WDCA by assigning jurisdiction to the WCB or a worker’s compensation magistrate. MCL 418.841(1).
B. WORKER’S DISABILITY COMPENSATION ACT
The predecessor to the WDCA, known as the “Workmen’s Compensation Act,” was enacted in 1912 during *549 a special legislative session. Cain, supra at 247-248.[12] The worker’s compensation system assures employees that they will receive compensation for employment-related injuries, without regard to fault, through worker’s compensation benefits. In exchange for “this almost automatic liability, employees are limited in the amount of compensation they may collect from their employer, and, except in limited circumstances, may not bring a tort action against the employer.” Clark v United Technologies Automotive, Inc, 459 Mich 681, 687; 594 NW2d 447 (1999); MCL 418.131(1). Worker’s compensation is thus an injured worker’s “exclusive remedy” for a qualifying work-related injury. Id.
MCL 418.301(1) of the WDCA provides, in relevant part:
An employee, who receives a personal injury arising out of and in the course of employment by an employer who is subject to this act at the time of the injury, shall be paid compensation as provided in this act.
Thus, worker’s compensation benefits are available under the WDCA when (1) an employment relationship exists, and (2) a personal injury arose out of, and in the course of, that employment.
The term “employee” for WDCA purposes is defined in MCL 418.161(1). That section controls employment status determinations regarding government workers (§ 161[l][a]), foreign nationals (§ 161[l][b]), public safety personnel (§§ 161[l][c] and [f]), volunteer fire fighters (§§ 161[l][d] and [e]), volunteer civil defense workers (§ 161[l][g]), public health volunteers (§§ 161[l][h] and [i]), emergency rescue workers (§ *550 161[l]|j], peace officers (§ 161[l][k]), workers under contract (§ 161[1][Z]), trainee program participants (§ 161[l][m]), and even independent contractors (§ 161[l][n]).[13]
The only apparent exception that confers jurisdiction on the circuit court is found in MCL 418.131(1):
The right to the recovery of benefits as provided in this act shall be the employee’s exclusive remedy against the employer for a personal injury or occupational disease. The only exception to this exclusive remedy is an intentional tort. An intentional tort shall exist only when an employee is injured as a result of a deliberate act of the employer and the employer specifically intended an injury.
Here, plaintiff has not presented an intentional tort claim. The fundamental question presented here is whether the circuit court has jurisdiction over a case after a party has raised the question whether the claim sounds in worker’s compensation rather than tort.
C. THE WDCA AND THE CIRCUIT COURT SUBJECT-MATTER JURISDICTION
MCL 418.841(1) of the WDCA provides:
Any dispute or controversy concerning compensation or other benefits shall be submitted to the bureau and all questions arising under this act shall be determined by the bureau or a worker’s compensation magistrate, as applicable. [Emphasis supplied.]
The WDCA sets up comprehensive procedures for resolving disputes “arising under” the act. For example, MCL 418.847(1) provides that a “party in interest” may apply for a hearing before a worker’s compensation magistrate. MCL 418.847(2) provides that a magistrate *551 must file a written order and “a concise written opinion stating his or her reasoning for the order including any findings of fact and conclusions of law.”
MCL 418.859a and 418.861a establish the procedures a party must follow in order to appeal a magistrate’s decision within the WCB. MCL 418.859a provides that “a claim for review of a case for which an application under section 847 is filed... shall be filed with the appellate commission.” MCL 418.861a(l) provides that any claim for review filed pursuant to § 859a “shall be heard and decided by the appellate commission [WCAC].” During that process, the WCAC may “remand [the] matter to a worker’s compensation magistrate for purposes of supplying a complete record if it is determined that the record is insufficient for purposes of review.” MCL 418.861a(12).
Judicial review of magistrate and WCAC decisions is circumscribed under the WDCA. MCL 418.861 provides:
The findings of fact made by the hoard acting within its powers, in the absence of fraud, shall be conclusive. The court of appeals and the supreme court shall have power to review questions of law involved in any final order of the board, if application is made by the aggrieved party within 30 days after such order by any method permissible under the rules of the courts of the laws of this state.
MCL 418.861a(14) similarly provides:
The findings of fact made by the commission acting within its powers, in the absence of fraud, shall be conclusive. The court of appeals and the supreme court shall have the power to review questions of law involved with any final order of the commission, if application is made by the aggrieved party within 30 days after the order by any method permissible under the Michigan court rules.
*552 Significantly, the WDCA sets up no substantive right to or procedural mechanism for circuit court resolution or review of legal or factual questions regarding application of the WDCA. On the contrary, as noted earlier, in MCL 418.841, the Legislature directed that “[a\ny dispute or controversy concerning compensation or other benefits shall be submitted to the bureau and all questions arising under this act shall be determined by the bureau or a worker’s compensation magistrate ....” (Emphasis supplied.)
Where, as here, the employment status of an injured plaintiff is in dispute, the issue is whether that dispute is one “arising under” the WDCA. If the dispute over employment status is not one “arising under” the WDCA, then MCL 418.841 does not preclude a circuit court from exercising jurisdiction over that determination. Conversely, if the dispute over employment status is a question “arising under” the WDCA, then a circuit court lacks subject-matter jurisdiction over those initial determinations by virtue of the Legislature’s direction in MCL 418.841(1) that “all” such questions “shall be determined by the bureau or a worker’s compensation magistrate ....” (Emphasis supplied.) The Legislature’s use of the word “shall” in a statute “indicates a mandatory and imperative directive” Burton v Reed City Hosp Corp, 471 Mich 745, 752; 691 NW2d 424 (2005).
As already discussed, the criteria for determining employment status are comprehensively set forth in, and controlled by, MCL 418.161(1) of the WDCA. The question of employee status falls within the category of “all questions arising under” the act. Because the Legislature directed that all questions concerning the meaning and application of every provision in the WDCA are to be decided by the WCB or a magistrate, *553 and any dispute regarding whether an injured party is an “employee” is necessarily one “arising under” the WDCA, the WCB is the designated forum to determine that question.
Const 1963, art 6, § 13 provides that “[t]he circuit court shall have original jurisdiction in all matters not prohibited by law . . . .” (Emphasis supplied.) By virtue of MCL 418.841(1), it appears that the Legislature “prohibited by law” the exercise of original jurisdiction in the circuit court. Therefore, jurisdiction regarding a party’s employment status rests in the first instance exclusively with the WCB or a magistrate. As noted earlier, because the circuit court lacked jurisdiction over the subject matter, the Court of Appeals and this Court lack subject-matter jurisdiction to review that circuit court decision.
D. SEWELL v CLEARING MACHINE CORP, 419 MICH 56; 347 NW2D 447 (1984)
Despite the clear and unambiguous directive set forth in MCL 418.841, Sewell, supra, overrode the statute and declared that the courts and the WCB shared jurisdiction. The Sewell Court held that
the bureau has exclusive jurisdiction to decide whether injuries suffered by an employee were in the course of employment. The courts, however, retain the power to decide the more fundamental issue whether the plaintiff is an employee (or fellow employee) of the defendant. [Sewell, supra at 62 (emphasis supplied).]
There is no authority cited for this assertion of power. Indeed, the judiciary is powerless to modify unambiguous statutory language in order to inject its own policy preferences. Rory v Continental Ins Co, 473 Mich 457; 703 NW2d 23 (2005). Nonetheless, Sewell dictated that courts and the WCB would effectively *554 share the power to decide whether an injured party is an “employee” within the meaning of the WDCA. The WCB, however, would retain exclusive jurisdiction over determining whether an injury occurred in the course of employment.
Although Sewell cited MCL 418.841, it provided no analysis of that section’s sweeping directive that “all questions arising under [the] act shall be determined by the” WCB. Indeed, the opinion is devoid of any analysis of any WDCA provisions whatsoever.
Moreover, the perfunctory decision in Sewell swept away almost fifty years of precedent in which this Court and the Court of Appeals had consistently held that courts lack jurisdiction to determine employment status. Szydlowski, supra; Jesionowski v Allied Products Corp, 329 Mich 209; 45 NW2d 39 (1950); Dershowitz v Ford Motor Co, 327 Mich 386; 41 NW2d 900 (1950); Morris v Ford Motor Co, 320 Mich 372; 31 NW2d 89 (1948); Munson v Christie, 270 Mich 94; 258 NW 415 (1935); Houghtaling v Chapman, 119 Mich App 828; 327 NW2d 375 (1982); Buschbacher v Great Lakes Steel Corp, 114 Mich App 833; 319 NW2d 691 (1982); Dixon v Sype, 92 Mich App 144; 284 NW2d 514 (1979); Herman v Theis, 10 Mich App 684; 160 NW2d 365 (1968).
Sewell wholly disregarded this extensive body of case law, stating:
Taken alone, those general statements suggest that the bureau’s jurisdiction takes precedence over that of the circuit court whenever there is an issue concerning the applicability of the Worker’s Disability Compensation Act. The rule is not so broad, however. [Sewell, supra at 62.]
Again, the Court cited no authority for that proposition. It is hard to imagine a broader rule than the one established by the Legislature in the WDCA, i.e., one *555 covering “all questions.” This Court’s usurpation of legislative power in Sewell is nothing short of breathtaking. This Court has stood firm against just such usurpations of legislative power by this branch of government. Warda, supra; Halloran v Bhan, 470 Mich 572, 576; 683 NW2d 129 (2004); Lapeer Circuit Judges, supra; Roberts v Mecosta Co Gen Hosp, 466 Mich 57, 63; 642 NW2d 663 (2000); Massey v Mandell, 462 Mich 375, 379-380; 614 NW2d 70 (2000); DiBenedetto v West Shore Hosp, 461 Mich 394, 402; 605 NW2d 300 (2000); Omne Financial, Inc v Shacks, Inc, 460 Mich 305, 311; 596 NW2d 591 (1999).
I fully agree with Justice Levin’s statement in Sewell. He pointed out that the majority’s “more fundamental” test was “proffered without analysis, explanation, or justification” and that it “offers no guidance for the resolution of future cases and does not satisfactorily explain the result reached....” Id. at 65. He argued that “[t]he issue whether [defendant] was [plaintiffs] employer is no more ‘fundamental’ than the issue whether [plaintiffs] injuries were suffered in the course of employment.” Id. at 70.
In announcing a shared jurisdiction paradigm when determining whether the WDCA applies to a claim, Sewell overruled Szydlowski, supra. In Szydlowski, we held that
“a plaintiffs remedy against an employer based on an injury allegedly arising out of an employment relationship properly belongs within the workmen’s compensation department for initial determination as to jurisdiction and liability.’’ [Szydlowski, supra at 359, quoting Herman, supra at 691 (emphasis supplied).]
This Court explained in Szydlowski that “the procedures for workmen’s compensation cases have been statutorily established. [Herman] properly cautions us *556 against a shortcut or circumvention of those procedures.” Szydlowski, supra at 359. The WDCA scheme is a complete departure from the common law and equity jurisprudence, as this Court recognized in Andrejwski v Wolverine Coal Co, 182 Mich 298, 302-303; 148 NW 684 (1914):
The act in question, like all similar acts, provides for compensation, and not for damages, and in its consideration and construction all of the rules of law and procedure, which apply to recover damages for negligently causing injury or death, are in these cases no longer applicable, and there is substituted a new code of procedure fixed and determined by the act in question. [Emphasis supplied.]
The shared jurisdiction paradigm established in Sewell not only contradicts the plain language of the WDCA, but it also does violence to the legislative scheme.
E. PRUDENTIAL PROBLEMS WITH SEWELL
As discussed in the previous section, Sewell contradicted the clear legislative directive that “all questions arising under” the WDCA are to be addressed within the worker’s compensation system. That is a sufficient basis to overturn the decision.[14] But Sewell’s shared jurisdiction paradigm implicates other prudential concerns, quite apart from the absence of judicial authority to negate the legislative scheme. Specifically, it fails to accord the proper deference to agency expertise, and thwarts the goal of consistent and uniform decisions by the WCB.
1. AGENCY EXPERTISE
This Court has acknowledged that administrative agencies possess “superior knowledge and expertise in *557 addressing recurring issues within the scope of their authority.” Travelers Ins Co v Detroit Edison Co, 465 Mich 185, 200; 631 NW2d 733 (2001). In Mudel v Great Atlantic & Pacific Tea Co, 462 Mich 691, 702 n 5; 614 NW2d 607 (2000), this Court explained that the Legislature created a “two-tier reviewing process, which delegates to the WCAC the role of ultimate factfinder, while limiting the judiciary to the role of guardian of procedural fairness.” Mudel correctly recognized that
administrative agencies possess expertise in particular areas of specialization. Because the judiciary has neither the expertise nor the resources to engage in a fact-intensive review of the entire administrative record, that type of detailed review is generally delegated to the administrative body. In the particular context of worker’s compensation cases, a highly technical area of law, the judiciary lacks the expertise necessary to reach well-grounded factual conclusions .... The judiciary is not more qualified to reach well-grounded factual conclusions in this arena than the administrative specialists. Therefore, the Legislature has decided that factual determinations are properly made at the administrative level, as opposed to the judicial level. [Id.]
The rationale underlying this Court’s decision in Sewell is that resolving the legal question regarding a plaintiffs employment status is not an issue that requires agency expertise. The instant case, however, belies that understanding. Here, three courts have interpreted the same facts three different ways in deciding plaintiffs employment status. The trial court held that plaintiff was not under a “contract of hire” at the time of the accident. The Court of Appeals held that plaintiff was under a contract of hire, but that he was an independent contractor. Here, the lead opinion concludes that plaintiff was under a contract of hire and was not acting as an independent contractor.
*558 . This case itself reflects that the legal question regarding the employment status of an injured party for WDCA purposes can be a complicated and highly fact-driven question. For that reason, employment status is best determined first by the administrative agency legislatively charged with applying the WDCA.
Even if the Legislature had not clearly directed that all questions regarding application of the WDCA be answered within the worker’s compensation system, the pre-Sewell approach simply works best. Allowing the agency to decide first which tribunal has jurisdiction over a claim in which the WDCA is implicated maximizes the strengths of both tribunals. The WCB may apply its expertise to resolve issues of fact in the employment context, while courts, of course, retain appellate review of WCB decisions and resolve questions of law.
2. UNIFORMITY AND CONSISTENCY
The goal of consistent and uniform administrative decision-making is similarly thwarted where multiple forums may decide the same factual question. As we stated in Travelers, supra at 199:
“[UJniformity and consistency in the regulation of business entrusted to a particular agency are secured, and the limited functions of review by the judiciary are more rationally exercised, by preliminary resort for ascertaining and interpreting the circumstances underlying legal issues to agencies that are better equipped than courts by specialization, by insight gained through experience, and by more flexible procedure.” [Citation omitted.]
Resort to the WCB in the first instance ensures that employment status issues will be resolved in a consistent manner.
*559 Moreover, the shared jurisdiction approach established by Sewell suffers from an unconvincing rationale and lack of clarity in application. As Justice LEVIN aptly opined, there is little reason to assume that employment status determinations are any “more fundamental” than other questions involved in determining whether a plaintiffs claim sounds in worker’s compensation or tort. Sewell, supra at 70 (LEVIN, J., concurring). Thus, Sewell’s “more fundamental” rationale for concurrent jurisdiction appears both unprincipled and groundless.
F. SZYDLOWSKI’S APPROACH
This Court’s opinion in Szydlowski provides the more textually faithful approach to determining jurisdiction when the WDCA is implicated. Contrary to Sewell, the jurisdictional inquiry in the first instance should be referred to the WCB upon petition by either party in a court action.
In addition to being more textually faithful to the WDCA, this approach would avoid lengthy, duplicative litigation by providing a definite jurisdictional starting point. Consider this case: for seven years, the circuit court, the Court of Appeals, and now this Court have grappled with defining and applying the WDCA’s terms of art to the facts of this case. The forum legislatively charged with determining all questions arising under the WDCA is the WCB, not the courts. That forum is where this class of cases belongs.
I agree that this Court should not lightly overrule precedent.[15] As this Court discussed recently in People v Davis, 472 Mich 156, 168 n 19; 695 NW2d 45 (2005),
the doctrine of stare decisis is not applied mechanically to *560 prevent the Court from overruling previous decisions that are erroneous. We may overrule a prior decision when we are certain that it was wrongly decided and “ ‘less injury will result from overruling than from following it.’ ” People v Moore, 470 Mich 56, 69 n 17; 679 NW2d 41 (2004), quoting McEvoy v Sault Ste Marie, 136 Mich 172, 178; 98 NW 1006 (1904).
Sewell’s shared jurisdiction approach is not at all faithful to the plain text of the WDCA. The doctrine of stare decisis should not prevail over a legislative directive. As I noted in Robinson v Detroit, 462 Mich 439, 472-473; 613 NW2d 307 (2000):
I agree that too rapid change in the law threatens judicial legitimacy, as it threatens the stability of any institution. But the act of correcting past rulings that usurp power properly belonging to the legislative branch does not threaten legitimacy. Rather, it restores legitimacy. Simply put, our duty to act within our constitutional grant of authority is paramount. If a prior decision of this Court reflects an abuse of judicial power at the expense of legislative authority, a failure to recognize and correct that excess, even if done in the name of stare decisis, would perpetuate an unacceptable abuse of judicial power. [CORRIGAN, J., concurring.]
IV CONCLUSION
In sum, Sewell’s assumption of circuit court jurisdiction over determining employment status contradicts the plain language of the WDCA. Determining employment status is a fact-driven undertaking requiring interpretation and application of the WDCA. Such questions should be determined first by the forum legislatively charged with interpreting and applying the act. For the foregoing reasons, I conclude that the circuit court and the Court of Appeals lack subject-matter jurisdiction over this matter. Although I agree that the *561 jurisdictional issue was posed at a very late stage, I would nonetheless direct the parties to brief this jurisprudentially significant problem of jurisdiction and submit the case on this narrow question.

 MCL 418.161(l)(n) of the WDCA controls this question.

 The Worker’s Compensation Bureau was created by MCL 418.201. Pursuant to Executive Order No. 2003-18, MCL 445.2011, effective December 7, 2003, that agency is now the Workers’ Compensation Agency.

 Contrary to the lead opinion’s assertion, I do not advocate overruling Sewell in a “peremptory fashion.” Ante at 539.1 would direct briefing on the jurisdictional issue.

 .See Jesionowski v Allied Products Corp, 329 Mich 209; 45 NW2d 39 (1950); Dershowitz v Ford Motor Co, 327 Mich 386; 41 NW2d 900 (1950); Morris v Ford Motor Co, 320 Mich 372; 31 NW2d 89 (1948); Munson v Christie, 270 Mich 94; 258 NW 415 (1935); Houghtaling v Chapman, 119 Mich App 828; 327 NW2d 375 (1982); Buschbacher v Great Lakes Steel *543 Corp, 114 Mich App 833; 319 NW2d 691 (1982); Dixon v Sype, 92 Mich App 144; 284 NW2d 514 (1979); Herman v Theis, 10 Mich App 684; 160 NW2d 365 (1968).

 Defendant Yackell is not a party to this appeal.

 The motion for JNOV stated:
1. . . . Plaintiffs own testimony established that he was an employee of Mr. Food, and the exclusive remedy provision of the Workers Disability Compensation Act (WDCA) deprives the court of subject matter jurisdiction ....
2. Plaintiff meets the statutory definition of “employee” in the WDCA because part-time workers are employees, and Plaintiff Reed was “performing service in the course of the ... business ... of an employer at the time of the injury.!”]

 Unpublished opinion per curiam of the Court of Appeals, issued February 14, 2003 (Docket No. 236588).

 469 Mich 960 (2003).

 469 Mich 1051 (2004).

 Unpublished opinion per curiam of the Court of Appeals, issued June 8, 2004 (Docket No. 236588).

 471 Mich 957 (2005).

 1975 PA 279 changed the title of the act from the “Workmen’s Compensation Act of 1969” to the “Worker’s Disability Compensation Act of 1969” to reflect its applicability to workers of either sex.

 The question the majority addresses is thus first assigned to the WCB.

 See Robinson v Detroit, 462 Mich 439, 473; 613 NW2d 307 (2000) (Corrigan, J., concurring).

 Ante at 539.