McDONALD *v.* FORD MOTOR CO.

1. APPEAL AND ERROR—RECORD—MASTER AND SERVANT.
    Record of proceedings before department of labor and industry which are not a part of the record of case at bar may not be considered on appeal from judgment in action at law based on contract between employer and injured employee.

2. SAME — DIRECTED VERDICT — PLAINTIFF'S TESTIMONY ASSUMED TRUE.
    On appeal from directed verdict and judgment for defendants at close of plaintiff's testimony, truth of such testimony will be assumed.

3. MASTER AND SERVANT—STATE AS PARTY—SETTLEMENT—CONSENT.
    The State as a representative of society at large becomes a party to proceedings under the workmen's compensation act and no valid settlement can be made between employer and injured employee without consent of the State.

4. SAME — SETTLEMENT WITH INJURED EMPLOYEE — SUPERVISION —
     TERMS.

  Agreements as to compensation between employer and injured
    employee are encouraged, but when made they must be made
    under the direct supervision of the State and in accordance
    with workmen's compensation act; and the employee may not
    waive his rights thereunder (2 Comp. Laws 1929, §§ 8410,
    8436, 8444).

5. SAME—VOID SETTLEMENT AGREEMENT.

  Agreement between employer and injured employee privately
    made between the parties, which is not in accordance with the
    terms of the workmen's compensation act and not filed with
    nor approved by the department of labor and industry which
    had sole jurisdiction of the subject-matter is void and employer
    and his agent are not estopped to deny its validity (2 Comp.
    Laws 1929, § 8410, 8436, 8444).

Appeal from Dickinson; Bell (Frank A.), J. Submitted April 4, 1934. (Docket No. 17, Calendar No. 37,500.) Decided June 21, 1934.

Assumpsit by Willis McDonald against Ford Motor Company, a Delaware corporation, and George Kuss on a contract to furnish employment. Directed verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Derham & Derham,* for plaintiff.

*H. J. Rushton* (*L. J. Colombo,* of counsel), for defendants.

BUTZEL, J. In May, 1924, Willis McDonald suffered an incomplete fracture of a bone in his left foot, and damages to his left leg and side, while employed by the Ford Motor Company at Iron Mountain, Michigan. He was awarded compensation and signed a settlement receipt for $44.33. In June, 1929, he filed a petition with the department of labor

and industry for further compensation. The hearing was noticed for August 5, 1929, when a further small sum was paid to him and he signed an additional settlement receipt for compensation to that date. He claims that when his application came on to be heard before the deputy commissioner, George Kuss, an agent duly authorized by the Ford Motor Company, stated that it would be unnecessary to take any testimony, that the defendant would send plaintiff to the Ford Hospital in Detroit for treatment, and would give him suitable work during his stay in Detroit; and that after he returned to Iron Mountain he would be given such work as his condition permitted. Plaintiff claims that in response to his inquiry as to how long the job would last, Kuss stated it would be for life, at $6.40 a day, the wages he had previously received, and for six days a week. While the award denying compensation does not appear in the record, counsel have filed with the clerk of the court a certified copy of the award of August 5, 1929, which states as follows:

"That the plaintiff now has some disability as a result of the accidental injury he received on May 8, 1924. Defendant has offered plaintiff employment at such work as he can do at Detroit, and has also offered him the medical services and treatment while he is at Detroit as seem necessary to remedy his disability. Plaintiff has accepted the defendant's offer of employment and medical treatment, compensation having been paid him for the time he lost to date. In view of this the plaintiff's petition for further compensation is denied until facts and circumstances warrant a change."

Plaintiff claims that while he did receive medical treatment at the Ford Hospital, as well as work both in Detroit and subsequently at Iron Mountain, he

was afterwards discharged. He contends that this constituted a breach of defendant's alleged agreement to give him life employment at $6.40 a day for six days a week, and has brought an action *ex contractu* against the Ford Motor Company and George Kuss to recover damages for the breach. We note in passing that, according to the exhibit introduced, plaintiff on the 23d day of October, 1929, sought permission to appeal from the order of August 5, 1929, notwithstanding the fact that he claims to have had a binding agreement with the defendant. Other parts of the record of the department of labor and industry, but not part of the record in the instant case, have been filed with this court by plaintiff's attorney, showing further proceedings before the department of labor and industry during the year 1930. We may only consider the record in the case at bar. At the conclusion of plaintiff's testimony the trial judge directed a verdict for defendants, on the ground that the alleged agreement was void and unenforceable under the statute. Since the defendants introduced no testimony, we may assume, solely for the purpose of this discussion, that plaintiff's testimony is true. We shall limit our discussion to the question whether such a contract, if it were entered into, would be of any legal effect.

In *Harrington* v. *Department of Labor and Industry,* 252 Mich. 87, plaintiff, an injured employee, sought a writ of mandamus to compel the commissioners of the department of labor and industry to consider and approve an agreement entered into between plaintiff and his employer in regard to compensation. The writ was denied on the ground that the terms of the agreement did not conform to the provisions of the act. Mr. Justice CLARK, speaking for the court, stated:

"The statute permits the parties to make an agreement in regard to compensation and when filed with, and approved by, the department it is binding. But such agreement may be approved 'only when the terms conform to the provisions of this act.' 2 Comp. Laws 1915, § 5458 (2 Comp. Laws 1929, § 8444). A mere glance at the stipulation shows terms neither provided nor contemplated by the act. It seeks to fix by contract rather than by fact the period of disability and to fix the same finally and beyond right of further recourse to the department.

"See *Detloff* v. *Hammond, Standish & Co.,* 195 Mich. 117 (14 N. C. C. A. 901); *Brabon* v. *Gladwin Light & Power Co.,* 201 Mich. 697; *Kirchner* v. *Michigan Sugar Co.,* 206 Mich. 459.

"Compensation is not a private matter between employer and employee. The public is interested. The act declares a State policy that the burden of industrial accidental personal injuries shall be borne by the industries, not by the general public. To effectuate this policy, the act provides for frequent regular payments, weekly, not monthly, or quarterly, or annually. It opposes payments in gross or in lump sum, except in certain 'special circumstances.' Subject to its limitations, it contemplates weekly payments of compensation during disability, no more, no less.

"In short, an agreement respecting compensation, to merit approval, must follow and conform to the provisions of the act. The agreement before us violates both the letter and the spirit of the act. The department properly refused it."

The following three sections of the workmen's compensation act are applicable:

"Nor shall such employer be subject to any other liability whatsoever, save as herein provided for the death of or personal injury to any employee, for which death or injury compensation is recoverable

under this act, except as to employees who have elected in the manner hereinafter provided, not to become subject to the provisions of this act'' (2 Comp. Laws 1929, § 8410).

''No agreement by an employee to waive his rights to compensation under this act shall be valid'' (2 Comp. Laws 1929, § 8436).

''If the employer, or the insurance company carrying such risk, or commissioner of insurance, as the case may be, and the injured employee reach an agreement in regard to compensation under this act, a memorandum of such agreement shall be filed with the industrial accident board, and, if approved by it, shall be deemed final and binding on the parties thereto.  Such agreement shall be approved by said board only when the terms conform to the provisions of this act'' (2 Comp. Laws 1929, § 8444).

The law is well stated in *Dettloff* v. *Hammond, Standish & Co.,* 195 Mich. 117, 135 (14 N. C. C. A. 901), wherein the court stated:

''Upon the second point it is urged that the State through its officials, the industrial accident board, is intrusted with the enforcement of the provisions of the act, and the spirit, as well as the letter of the law, prohibits the employer and employee from frittering away its salutary provisions; that this is evidenced by the fact that while the act countenances and encourages agreements between the employer and employee with reference to compensation arising from accidental injuries, yet all such agreements are under the direct supervision of the State, and they must be filed with, and be approved by, the board, and that such approval may not be given unless the terms conform to the provisions of the act, and the contract is not final and binding upon the parties until filed with, and approved by, the board. We think this position well taken.  The interest which the State has in these matters is well expressed by the Ohio Industrial Commission in *Rosen-*

*steel* v. *Niles Forge & Manfg. Co.*, 7 N. C. C. A. 798.''

The case of *Rosensteel* v. *Niles Forge & Manfg. Co.*, *supra*, emphasizes the fact that the State, as the représentative of society at large, becomes a party to such proceedings, and that no settlement can therefore be made without its consent.  It is largely to the benefit of the workmen that the law demands specific compliance with the terms of the act under the supervision of the department of labor and industry.  Otherwise an unscrupulous employer could take advantage of the economic pressure on a disabled workman who, because of his great need, might be unable to withstand the temptation to accept an immediate offer of an inadequate amount, or a doubtful promise, in lieu of the compensation to which he would be entitled under the act.  In order to prevent such a situation, the legislature has set up under the workmen's compensation act the machinery by which employees injured in their employment may secure compensation under the impartial supervision of the department of labor and industry.  Although it is true, as pointed out in *Dettloff* v. *Hammond, Standish & Co., supra*, that the act countenances and encourages agreements between the employer and employee with reference to compensation for accidental injuries, such agreements must be made under the direct supervision of the State and in accordance with the provisions of the act.  Otherwise they can have no binding force or effect.  This court will not countenance any attempt to oust the department of jurisdiction in such cases.  The effect of a settlement without the consent of the board was carefully considered in *Richards* v. *Rogers Boiler & Burner Co.*, 252 Mich. 52, and in that case the court stated:

"No settlement can be made under this act without the approval of the board, and section 5458, 2 Comp. Laws 1915 (2 Comp. Laws 1929, § 8444), expressly so provides. No final receipt has any binding force and effect when made by the parties alone. The State is a party to every proceeding before the department of labor and industry. The statute is a constitutional exercise of the police power. The employee is expressly prohibited by the language of the act from waiving his right to compensation, and compensation, when fixed, must be fixed in accordance with the statute. If the department of labor and industry, charged with the administration of the act, approve a final settlement, it is valid and binding, if in accordance with the act, but until so approved, it is not binding and conclusive. This must be so, if we are to give section 5458, 2 Comp. Laws 1915 (2 Comp. Laws 1929, § 8444), and the other sections of the act force and effect."

The alleged agreement was void as an attempt to establish the rights of the parties by a private agreement not within the purview of the compensation act, nor filed with or approved by the department of labor and industry, which had the sole jurisdiction of the subject-matter. The agreement being void, defendants were not estopped from denying its validity. The judge was correct in directing a verdict for defendants.

The judgment is affirmed, with costs to defendants.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, and EDWARD M. SHARPE, JJ., concurred. BUSHNELL, J., did not sit.