DERSHOWITZ v. FORD MOTOR COMPANY.

1. WORKMEN'S COMPENSATION—JURISDICTION OF WORKMEN'S COMPENSATION COMMISSION.

The workmen's compensation commission has exclusive jurisdiction to afford relief to an employee of an employer, both subject to the workmen's compensation act, for injuries to former arising out of and in the course of employment (CL 1948, § 411.4).

2. MASTER AND SERVANT—ACTION AT LAW FOR INJURIES—PROXIMATE CAUSE.

An employee suing his employer in an action at law for injuries, received while on the employer's premises and during working hours, must show that at the time the injury occurred he was not doing anything connected with his employment and that there was no causal connection between the employment and his injury, where both are subject to the workmen's compensation act.

3. SAME—PLEADING—PROXIMATE CAUSE.

A machinist need not be shown to be actually operating his machine at time of injury in order to support holding that injury arose out of and in the course of his employment, hence his declaration alleging injury while he was walking a short distance from his machine without averring that he was not walking toward it for the purpose of operating it or that he was not walking for the purpose of doing something else connected with his work nor for the purpose of

REFERENCES FOR POINTS IN HEADNOTES
[1-4] 58 Am Jur, Workmen's Compensation, § 48.
[5] 58 Am Jur, Workmen's Compensation, § 49.

ministering to his own hunger, thirst or personal comfort failed to aver an action not conclusively within the workmen's compensation act.

4. SAME—SPYING UPON FELLOW WORKMEN AT EMPLOYER'S REQUEST.
Spying activities of plaintiff machinist upon his fellow employees, which he claimed were responsible for injuries he received while walking near his machine and which were requested by defendant employer's official were incident to and a part of his employment as they were clearly for the latter's benefit, hence recovery for such injuries is confined to relief afforded by the workmen's compensation act where both parties were subject to that act.

5. WORKMEN'S COMPENSATION—AGREEMENT AS TO INJURIES—APPROVAL OF COMMISSION.
An agreement between an employer and employee, relative to compensation for injuries received by latter arising out of and in the course of employment is invalid and void where they are both subject to the workmen's compensation act and the agreement is not approved by the workmen's compensation commission.

Appeal from Wayne; Brennan (Vincent M.), J. Submitted January 10, 1950. (Docket No. 6, Calendar No. 44,542.) Decided April 3, 1950.

Action by Phillip Dershowitz against Ford Motor Company for money spent for therapeutic treatments. Declaration dismissed on motion. Plaintiff appeals. Affirmed.

*David J. Cohen* (*Louis Rosenzweig,* of counsel), for plaintiff.

*William T. Gossett* (*E. C. Starkey* and *Joseph A. O'Reilly,* of counsel), for defendant.

DETHMERS, J. Plaintiff's declaration alleged the following: That in 1929 he was employed by defendant as a machine operator; that one of defendant's officials requested him, while so employed, to keep

watch on his fellow employees for the purpose of detecting work shirkers and tool thieves among them; that the official stated that he realized that this was not what plaintiff was employed for and that it might involve some risk for him, but that the company took good care of those who did it favors; that plaintiff complied with such request; that his fellow employees became suspicious of and unfriendly toward him; that on September 14, 1929, while walking a short distance from his machine, some axles fell upon him from an overhead conveyor, causing him injuries from which he still suffered; that defendant considered the occurrence "peculiar" and, until 1935, furnished plaintiff with all necessary hospital and medical care, paid him full wages whether working or not and in other ways showed him appreciation for the favor he had rendered; that in 1935 defendant offered either to pay plaintiff a large sum of money in settlement of his rights against defendant or, in lieu thereof, to furnish him employment as long as he desired it, together with all necessary medical and hospital care, appliances and treatments; that plaintiff accepted the latter alternative and that defendant fulfilled its agreement accordingly until 1946, but thereafter refused to furnish plaintiff with care and treatment or to pay his further expenses in connection with or occasioned by his injuries; that he claimed damages in the sum of $2,500 in accord with an attached bill of particulars showing expenditures by him in that amount during the years 1946, 1947, 1948 and 1949 for medical and hospital care, treatments, et cetera.

Defendant moved to dismiss on the grounds that both plaintiff and defendant were subject to the workmen's compensation act, that plaintiff's injuries arose out of and in the course of his employment, that the workmen's compensation commis-

sion had exclusive jurisdiction of the matter and that, therefore, the court was without jurisdiction. From the court's order dismissing, plaintiff appeals, claiming that his injury did not arise out of and in the course of his employment.

When both the employer and employee are subject to the workmen's compensation act and plaintiff's injury arises out of and in the course of his employment, the workmen's compensation commission has exclusive jurisdiction to the exclusion of that of the circuit court.   This was true in 1929 (CL 1929, § 8410) as it is today (CL 1948, § 411.4 [Stat Ann 1949 Cum Supp § 17.144]).   See *Osborne* v. *Van Dyke,* 311 Mich 86; *Morris* v. *Ford Motor Co.,* 320 Mich 372.

To state a cause of action plaintiff's declaration needed to allege facts showing that at the time the injury occurred he was not doing anything connected with his employment and that there was no causal connection between the latter and his injury.   His declaration did not disclose his purpose in walking down the aisle near his machine at the time the axles fell.   It is not prerequisite to a holding that injury arose out of and in the course of his employment to find that he was actually operating his machine at the time.   Whether he was walking toward the machine for the purpose of operating it or was walking for the purpose of doing something else connected with his work or for the purpose of ministering to his own hunger, thirst or personal comfort, his action in any such event was such as has been held to be beneficial to the employer, incident to and within the ambit of his employment, and conclusive of the proposition that his injury arose out of and in the course of his employment.   See *Amicucci* v. *Ford Motor Co.,* 308 Mich 151; *Haller* v. *City of Lansing,* 195 Mich 753 (LRA1917E 324); *Appleford* v. *Kim-*

*mel,* 297 Mich 8; *Geibig* v. *Ann Arbor Asphalt Construction Co.,* 238 Mich 560.

Although it is not alleged in plaintiff's declaration that his injury occurred outside his regular working hours, nevertheless plaintiff does contend in his brief that his injury did not arise out of and in the course of his employment as a machine operator because, as he maintains, it resulted from his spying activities, which he says he was not employed to perform. The inference to be drawn from the allegations of plaintiff's declaration is that, as requested by an official of the defendant, he watched his fellow employees while he was on the job, during his working hours, on time for which he was being paid, and in connection with his regular work. Such allegations are compatible with but one conclusion, namely that his spying activities were incident to and a part of his employment. Clearly, his activities in that connection were for the defendant's benefit. In point is the case of *Mann* v. *Board of Education of City of Detroit,* 266 Mich 271. Mann was employed as principal of a Detroit high school. He was injured while traveling, on school time but at his own expense, to Ann Arbor at the invitation of the University of Michigan for the purpose of meeting former graduates of his high school there and checking on their records at the university with a view to ascertaining whether there were any weak spots in their high school preparation for university work so that such weak spots, if any, might be corrected. Mann was not required to attend the meeting at Ann Arbor, although his superintendent was willing that he go on school time, but at his own expense, and recognized the benefit thereof to the school system. In holding that Mann's injury did arise out of and in the course of his employment, we quoted with approval from *Smith* v. *The Seamless*

*Rubber Co.,* 111 Conn 365 (150 A 110, 69 ALR 856), the following:

"Where an employer merely permits an employee to perform a particular act, without direction or compulsion of any kind, the purpose and nature of the act becomes of great, often controlling significance in determining whether an injury suffered while performing it is compensable. If the act is one for the benefit of the employer or for the mutual benefit of both an injury arising out of it will usually be compensable; on the other hand, if the act being performed is for the exclusive benefit of the employee so that it is a personal privilege or is one which the employer permits the employee to undertake for the benefit of some other person or for some cause apart from his own interests, an injury arising out of it will not be compensable."

We think the instant case a stronger one than the *Mann Case* for holding that plaintiff's injury arose out of and in the course of his employment for the reason that in the instant case defendant did not merely permit, but actually requested plaintiff and he agreed to engage in the spying activities while on the job as a machine operator, all for defendant's benefit. Consequently, it must be held that any rights accruing to plaintiff as a result of his injury came within the exclusive jurisdiction of the workmen's compensation commission in the first place and that the claimed agreement between the parties, not alleged to have been approved by the commission, was invalid and void. *McDonald* v. *Ford Motor Co.,* 268 Mich 39; *Harrington* v. *Department of Labor & Industry,* 252 Mich 87.

Affirmed, with costs to defendant.

BOYLES, C. J., and REID, NORTH, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.