**Waunetta M. REMINGTON, Executrix of the Estate of Dorus L. Remington, Deceased, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION and J. M. Schwartz, Defendants.**

**No. 1406.**

United States District Court, E. D. Michigan, N. D.

Jan. 19, 1955.

Karr & Wumkes, Flint, Mich., F. Norman Higgs, Bay City, Mich., for plaintiff.

Devine & McAra, Flint, Mich., for defendants.

PICARD, District Judge.

Plaintiff is the executrix of the estate of Dorus L. Remington and brings suit against General Motors, a Delaware corporation and J. M. Schwartz, a doctor, who, like the plaintiff is a Michigan citizen. Action is under the Michigan Death Act, M.S.A. § 27.711, Comp.Laws 1948, § 691.581.

#### Findings of Fact

Decedent was employed by defendant, General Motors, at Flint, Michigan and on November 1, 1952, sustained an injury arising out of and in the course of his employment. Defendant Schwartz, a licensed physician, also in the employ of defendant corporation, was assigned to and attended decedent and plaintiff claims that said Schwartz did negligently and unskillfully treat him, causing his death on November 6, 1954. Plaintiff does not claim that General Motors knew or had any reason to believe that defendant doctor was incompetent as alleged.

Defendants now move to dismiss on the ground that this court has no jurisdiction, the controversy being exclusively a matter for the Workmen's Compensation Commission of the State of Michigan. They ask for summary judgment.

## Conclusions of Law

A different facet of the law applies to each defendant.

### As to Defendant Schwartz

█ This action must be dismissed for the simple reason that there is no diversity of citizenship between defendant Schwartz and the plaintiff. Both are citizens of Michigan. Metropolis Theatre Co. v. Barkhausen, 7 Cir., 170 F.2d 481; Ackerman v. Hook, 3 Cir., 183 F.2d 11; Foster v. Carlin, 4 Cir., 200 F.2d 943; Warfield v. Marks, 5 Cir., 190 F.2d 178; Ockerman v. Wise, 6 Cir., 202 F.2d 144.

If it should be contended that Dr. Schwartz is a "necessary party" defendant, then the above cases also apply and the action would have to be discontinued forthwith as against both defendants. But we conclude that the doctor is not a necessary party and therefore the question of whether the action may be maintained against General Motors alone is still before us.

### As to General Motors

In the case of Oleszek v. Ford Motor Co., 217 Mich. 318, 186 N.W. 719, 721, this identical question was before the Supreme Court of Michigan. Plaintiff had been injured by a fall while cleaning an oily floor and it was claimed that due to the negligence of the attending physician he lost his leg. Like in the case at bar the physician was what is often termed a "captive physician" to indicate that he was likewise a full-time employee of the same company and not a general practitioner. As in the case at bar also, action was brought against both the physician and Ford Motor Company and the court held that any aggravation through the negligence of the physician would render the company liable for compensation and therefore it was a matter strictly within the Workmen's Compensation Law of Michigan. The court said:

"Under the facts as claimed by plaintiff, could recovery have been had under the provisions of the act? Where there is a right of recovery due to the original injury and the disability at the time of the hearing is *directly traceable thereto*, the intervention of other and aggravating causes by which such disability has been increased, if the claimant is not himself to blame therefor, is no bar to his recovery." (Italics ours.)

Plaintiff can receive but little comfort from the words "directly traceable thereto" above used, for there are other important decisions holding the same way without using those words, one in particular, Dershowitz v. Ford Motor Company, 327 Mich. 386, 41 N.W.2d 900. See also Byrne v. Clark Equipment Co., 302 Mich. 167, 4 N.W.2d 509.

But the one gleam of hope for plaintiff in this action lies in this court accepting the reasoning of Duprey v. Shane, 39 Cal.2d 781, 249 P.2d 8, where plaintiff working for defendant, a doctor, suffered an injury in the course of his employment, and as a result the doctor employer cared for him, but did so negligently. Action was brought against the doctor and the court held that the doctor in administering to his own employee was acting as a doctor, not as an employer.

█ The same reasoning would be particularly applicable in this case because in Michigan under the Workmen's Compensation Law furnishing medical aid is a mandatory part of the employer's obligation to the employee. M.S.A. § 17.154, Comp.Laws 1948, § 412.4. Every employer (under the act) must give medical services to one injured while in his employ.

█ Still the law does not require the employer to have doctors in its own employ as many plants have and where it has no doctor in active attendance, then the employer must secure an outside doctor to handle the injured party. Then if that doctor is negligent action might arise in favor of the injured man, not against the employer, but against the doctor, since the doctor

might be considered an independent contractor. Therefore applying the theory advanced in the California case here, then since General Motors furnished the doctor it should be held to the same standard that the independent contractor is. In other words, the employer should not be permitted to escape liability from the negligence of its own employee if the employer chooses to hire a full-time attending physician as its method of furnishing medical attention to comply with the law.

 However, plaintiff's hope is short lived because she is confronted with the very act to which she had referred this court as being in her favor. Act No. 155, P.A. of 1952 of the State of Michigan now eliminates the necessity for the injured employee to make election as to whether he shall pursue a third party or take under the Act. Today if a third party causes the injury which the worker received in the course of his employment, such as happens in many sub-contractor cases, the employee or the employer can now pursue that third party, but—and here is the fatal part for plaintiff—that same Act states that no such separate action may be maintained against an employee of the employer or the employer itself, even if that employee negligently caused the injury and the benefits of compensation be retained.

The new Act states:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than *a natural person in the same employ or the employer* to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies, but such injured employee or his dependents or their personal representative may also proceed to enforce the liability of such third party for damages in accordance with the provisions of this section." 17.189 M.S.A. § 15. Comp.Laws Supp.1952 Mich. § 413.-15. (Italics ours.)

Nor can we state that if it should appear that plaintiff has never accepted workmen's compensation then this court would at least hold in abeyance its final decision. This would present a false hope. We could not follow the California law intriguing as it may appear. We are bound by the Michigan decisions and there is no doubt but what they are in favor of defendant. See cases supra.

Motion will be granted.