TOTTEN *v.* DETROIT ALUMINUM & BRASS CORPORATION.

1. Action—Workmen's Compensation.
    The right of an employee or his dependents to compensation
    or damages for injuries or death arising out of the employ-
    ment relation is restricted to such compensation as is provided
    for by the workmen's compensation act (CL 1948, § 411.1 *et
    seq.*).

2. Same—Common Law—Jurisdiction—Workmen's Compensation.
    Action at law by timekeeper against employer for refusal of
    latter's employee to permit him to re-enter plant, which
    refusal is claimed to have resulted in loss of fingers from freez-
    ing and impaired earning capacity *held,* not cognizable by
    court of common-law jurisdiction, in view of the enactment
    of the workmen's compensation act (CL 1948, § 411.1 *et seq.*).

    Smith, J., dissenting.

Appeal from Wayne; Weideman (Carl M.), J.
Submitted October 5, 1955. (Docket No. 28, Calen-
dar No. 46,305.)   Decided December 28, 1955.   Re-
hearing denied March 1, 1956.

Case by Dale H. Totten against Detroit Aluminum
& Brass Corporation for damages sustained when
latter, his employer, refused him entrance to plant
for purposes of reassuring himself that he had satis-
factorily performed his duties.   Defendant's mo-

References for Points in Headnotes

[1, 2] 35 Am Jur, Master and Servant § 454; 58 Am Jur, Workmen's
    Compensation § 50.
[1, 2] Employee's right of election after injury or disability as
    between benefits of workmen's compensation act and action at
    law against employer. 117 ALR 515.

tion for judgment on pleadings denied.   Defendant appeals.   Reversed and remanded.

*George E. Day* and *Walter M. Nelson,* for plaintiff.

*Lacey, Jones & Doelle (Buell Doelle,* of counsel)¸ for defendant.

Reid, J.   This suit is in the form of a common-law action, trespass on the case.   Defendant claims' the action is of such nature that under our stat-ute, it is not cognizable by a court of common-law jurisdiction.

Defendant took the deposition of plaintiff, Dale' H. Totten, as cross-examination, which deposition was filed on April 30, 1954, the same day on which' defendant's motion for a judgment on the plead-ings was filed.   The motion was denied by the court' on May 24, 1954.   On leave granted, defendant took an appeal in the nature of certiorari from the order of the trial court denying the motion for judgment on the pleadings.   CL 1948, § 650.14 (Stat Ann § 27.2604).

Plaintiff claims that he was employed as time-keeper in the office of defendant.   The last day of regular work before a long week end and Christmas holiday fell upon Friday, December 21, 1951.   Defendant arranged a pre-holiday party for certain of its employees in the offices and within its factory building.   In connection with the pre-holiday party, defendant continued plaintiff on duty and directed him to remain throughout the said party and to close' up and make sure that all persons attending the party had left defendant's premises before plaintiff' should conclude his work and leave the same.   At a' late hour on December 21, 1951, the pre-Christmas' party came to an end and plaintiff walked out of

the plant and crossed Christopher street to defendant's parking lot where all the employees of the company parked free. Plaintiff further claims that when he got to his car he started the motor and concluded he had better go back and check to see whether everything was all right, whether he had locked the office, turned out the lights and everything, because that was very important; that he often does things like that; that he went back to the factory after having turned off the engine in his car, came to the same door of the factory that he had come out of; there was no one at the door and the door has an automatic lock; it has glass; that when he pounded on the door the plant patrolman came to the entranceway inside; that plaintiff told him he wanted to get back on company business; that the patrolman "just waved his hand and waved me away from the door," so plaintiff turned around and went back to the car, after again crossing Christopher street, but does not know whether he got as far as the car because he had a fainting spell due to his diabetic condition.

It is further the claim of plaintiff that he lay in a comatose condition so long as to suffer from the effects of partial freezing, and as a result he lost all 8 fingers and most of his hands which were amputated by reason of the exposure; that he also suffered shock and agony and that his health has been greatly reduced and permanently impaired, on which grounds he seeks damages.

Plaintiff further alleges in his declaration that he had a right to re-entrance to the plant and factory and further, that the defendant, its servants, employees and agents were personally well acquainted with plaintiff, knew of his status as employee, and of his disabilities as a chronic diabetic, but negligently, recklessly and wilfully barred and excluded plaintiff from the plant and denied him entrance

thereto and subjected him to the risk of coma, collapse and death and by reason of the negligence and wilful misconduct of defendant's servants and agents, that plaintiff collapsed on the parking lot and became unconscious and in a coma, and that by reason of his exposure he suffered damages for which he brings suit.

Plaintiff recognizes that the relationship of the parties here presented is of an employee acting outside of the jurisdiction of his employment but claims it to be within the outside limits of the employer-employee relationship.

· Defendant stresses that the plaintiff himself characterized his purpose in returning to the factory as being "company business," and that plaintiff's allegation of a right of re-entry into the factory could only be the right of an employee, in which claim we find defendant correct and we conclude that plaintiff bases his action upon the relationship.

Defendant stresses the title to the workmen's compensation act as indicative of its purpose, which title is:

"An act to promote the welfare of the people of this State, relating to the liability of employers for injuries or death sustained by their employees, providing compensation for the disability or death resulting from occupational injuries or disease or accidental injury to or death of employees and methods for the payment, and apportionment of the same, establishing an industrial accident board, defining its powers, providing for a review of its awards, making an appropriation to carry out the provisions of this act, and restricting the right to compensation or damages in such cases to such as are provided by this act." See caption preceding CL 1948, § 411.1 (Stat Ann 1950 Rev § 17.141).

While the parties differ in their interpretation of the title, it seems to us fairly certain that the title

should be considered as relating to the liabilities of employers for injuries or death sustained by their employees, within the limits of the relationship, and that the right to compensation or damages in such cases is restricted to such compensation as is provided for by the act. In *Munson* v. *Christie,* 270 Mich 94, we say at page 98:

"It appears from the title the act is one providing that as against the employer the injured employee and his dependents have no rights and can enforce no liability except those provided in the act. We need not read beyond the title of the act to find this intent and purpose of the legislature clearly expressed."*

Courts in some States in construing the statutes of their own State have held that the workmen's compensation law does not bar an employee from suing his employer at law for an injury for which no recovery is provided by the terms of the act. Still we consider that such conclusions by other jurisdictions must be read in the light of applicable statutes. See *Dailey* v. *River Raisin Paper Co.,* 269 Mich 443.

Our workmen's compensation act taken in its entirety and read in light of the title to the act, as we construe it, bars plaintiff's action. Plaintiff's action is of such a nature as not now cognizable by a Michigan court of common-law jurisdiction.

The order appealed from is reversed. The cause is remanded to the trial court with instructions to enter judgment for defendant. Costs to defendant.

Carr, C. J., and Sharpe, Dethmers, and Kelly, JJ., concurred with Reid, J.

---

* For several citations concerning several questions on the meaning and validity of the workmen's compensation act, see *Dalton* v. *Ford Motor Co.,* 314 Mich 152 (19 NCCA NS 158).

BOYLES, J. (*concurring*).    I concur in reversal. To avoid misunderstanding, I find it advisable to write my reasons.

The record here *does* establish, as shown by Mr. Justice REID, that the plaintiff relies, for recovery of "damages," on his relationship of employer and employee.    This brings him within the purview of the workmen's compensation act.

For that reason I agree that plaintiff's remedy, if any, lies under the act.    It may be, as has been sometimes shown in our opinions, that for some valid reason an employee cannot recover damages from his employer, namely, compensation under the workmen's compensation act, for an injury.    It is also conceivable that there are circumstances under which an employee may recover damages based on the negligence of his employer, or his workmen, entirely unrelated to the relationship of employee which the claimant bears to the defendant employer. But that is not the case here.    Neither do I read into Mr. Justice REID's opinion, as apparently Mr. Justice SMITH does, any holding that the workmen's compensation act would necessarily bar recovery of damages in a common-law action against the employer, under all circumstances.

But I do agree that an employee who, for any valid reason, cannot recover compensation from the employer under the workmen's compensation act, based on this relationship, cannot then turn to a common-law action against his employer for damages and at the same time base his action on the relationship of employer and employee.    That is the case which we have here.    As I read Mr. Justice REID's opinion, it does not hold that the workmen's compensation act bars every recovery of damages for an injury, by an employee, against his employer,

merely because the plaintiff was an employee of the defendant.*

DETHMERS, J., concurred with BOYLES, J.

SMITH, J. (*dissenting*). This is not the first time we have considered the injury suffered by a workman in the company parking lot after his day's work is completed and he prepares to embark on his homeward journey. In *Daniel v. Murray Corporation of America,* 326 Mich 1, we held he could not recover workmen's compensation. We said he could not because (p 14):

"The fundamental test in this State is that the injury, to be compensable, must have arisen out of and in the course of the employment—there must be some causal connection between the injury and the employment more than the mere fact that the employee was on premises of the employer which had been furnished by the employer for the use and benefit of the employee as an 'incident' of the employment. That is not enough."

Although the opinion was that of a divided court, and was contrary to the parking lot cases in certain other jurisdictions, *e. g., Rogers's Case,* 318 Mass 308 (61 NE2d 341, 159 ALR 1394) ; *Pacific Indemnity Company* v. *Industrial Accident Commission,* 28 Cal2d 329 (170 P2d 18), it stands as the law of this State.

But in the case before us the employee seeks not compensation. He has returned to the common law for relief. In this situation, also, Justice REID finds no warrant for the action, saying, in part, "Our

---

* For case holding that filing of claim with workmen's compensation commission bars action at law, see *Morris* v. *Ford Motor Co.,* 320 Mich 372.

For case holding that commission has exclusive jurisdiction under certain circumstances, see *Dershowitz* v. *Ford Motor Co.,* 327 Mich 386.

workmen's compensation act taken in its entirety
* * * bars plaintiff's action." Thus the result
of our holdings is that the workman, though griev-
ously injured, has no recovery whatever. All doors
are closed to him, the court's as well as the commis-
sion's.

To reach a result so disastrous to the injured work-
man requires words of legislative command so clear
and so loud that we cannot hear his cries for re-
lief. Justice REID finds those words in the title and
in the act as a whole. My respect for his years on
this Court and his learning have caused me to scan
the act anew, but what is so obvious to him remains
hidden to my sight. Our precise question is whether
or not the remedy given by the act is exclusive. For
the answer I turn to the exclusive remedy section of
the statute. It is found in CL 1948, § 411.4 (Stat
Ann 1950 Rev § 17.144), providing as follows:

"Where the conditions of liability under this act
exist, the right to the recovery of compensation
benefits, as herein provided, shall be the exclusive
remedy against the employer."

The remedy is exclusively in the act, then, when
"conditions of liability under this act exist." What
are those conditions of liability? There are sev-
eral, but so far as our present problem is con-
cerned, the "condition of liability" relates to causa-
tion. It is not enough, to justify recovery under
the act, that an employee suffer an injury of some
kind unrelated to his work. As Justice BOYLES point-
ed out in the quoted extract from *Daniel* v. *Murray
Corporation of America, supra,* there must be a caus-
al connection between the injury and the work. If
there is, the remedy is exclusive even though some
of the common-law elements of damage for an in-
jury (*i. e.,* pain and suffering, disfigurement) may
go without recompense. If there is no causal con-

nection, the act does not apply and the injured person may seek his remedy elsewhere.

We turn, then, to causation. Did the injury arise out of and in the course of the employment? We said not, in *Daniel* v. *Murray Corporation of America, supra,* because (p 6):

(1) "The accident occurred after plaintiff's work for his employer was ended for the day."

Here the employee worked from 4:15 p.m. to 12:45 a.m. On this particular night he "checked out" about 1 o'clock. His work had ended for the day.

(2) "He was on his way home after leaving the place of his work."

Here the employee had gone to the parking lot where his car was parked. "I (then) didn't know a thing until I woke up in the hospital."

(3) "(He) had no further work or duties to perform for his employer on the day he was injured."

Here, as noted above, the employee had "left the office, * * * punched out" and gone to his car. He had no further duties to perform.

Thus under the rule of the *Daniel Case, supra,* the conditions of liability do not exist. The employee's right, therefore, to maintain his common-law negligence action is clear. Citations could be multiplied but the legal principle involved is not complex and lengthy discussion is unwarranted.

The order of the trial court should be affirmed and case remanded. Costs to appellee.

BUTZEL, J., did not sit.