**Willard KING, Jr., Plaintiff,**

v.

**CHRYSLER CORPORATION, a Delaware corporation, Defendant.**

**Civ. A. No. 15597.**

United States District Court
E. D. Michigan, S. D.

March 14, 1957.

Bernstein & Bernstein, Edwin S. Moag, Detroit, Mich., for plaintiff.

Lacey, Jones & Doelle, Buell Doelle, Detroit, Mich., for defendant.

LEVIN, District Judge.

This is a motion to dismiss a common-law tort action brought by Willard King, Jr., for the loss of his wife's services and for her funeral expenses. The wife was injured on May 28, 1955 while in the course of her employment with the defendant, Chrysler Corporation. These injuries resulted in her death on June 4, 1955. Pursuant to the provisions of the Michigan Workmen's Compensation Law, 12 M.S.A. Sec. 17.154 (Cum.Supp. 1955), Comp.Laws Supp.1954, § 412.4, the defendant paid the ambulance, nursing and hospital expenses of his wife's last illness, in the amount of $1,032.15, and tendered the burial allotment of $500, 12 M.S.A. Sec. 17.158 (Cum.Supp. 1955), Comp.Laws Supp.1954, § 412.8, which the plaintiff refused to accept. The wife was not survived by any dependents.

 The defendant contends that the plaintiff's action is barred by the exclusive remedy provided by the Michigan Workmen's Compensation Act, 12 M.S.A. Sec. 17.144 (1950), Secs. 17.155, 17.158, 17.158(1), Comp.Laws 1948, § 411.4, Comp.Laws Supp.1954, §§ 412.5,

412.8, 412.8a. There is no question but that the relief provided by the Act is the exclusive remedy for employees and their dependents against their employers for personal injuries incurred while in the course of employment. Dershowitz v. Ford Motor Co., 1950, 327 Mich. 386, 41 N.W.2d 900. In the instant case, the plaintiff is neither an employee nor a dependent, and his action is not expressly barred by the Act. The sole question before this court is whether the Act has, by implication, abolished the plaintiff's remedy.

There is no Michigan authority directly in point. In Arritt v. Fisher, 1938, 286 Mich. 419, 282 N.W. 200, a husband sued for loss of his wife's services due to her injuries while riding as a guest passenger in the defendant's automobile. A guest passenger's action against the driver for ordinary negligence has been abolished by the Michigan automobile guest statute. 1 Comp.Laws, 1929, Sec. 4648, Stat.Ann. 9.1446, Comp.Laws 1948, § 256.29. The plaintiff conceded that the defendant was not guilty of gross negligence and predicated his action on ordinary negligence. The Court held that this statute operated to bar the husband's action, based on ordinary negligence, because the wife's action was barred.[1]

The case at bar is analogous to Arritt. In both cases a statute has abrogated the wife's common-law action. While this result deprives the plaintiff of substantial relief and directs attention to hardships which arise from some of the provisions of the Michigan Workmen's Compensation Act, I must assume that the Michigan courts would apply the reasoning in the Arritt case to the case at bar. I do so hold and the defendant's motion to dismiss is granted.

1. See also the partial dissent of Mr. Justice Butzel in Morrison v. Grass, 1946, 314 Mich. 87, 106, 22 N.W.2d 82, stat-ing that a husband cannot recover for loss of his wife's services if she cannot recover for her injuries.