283 F.2d 906
 Rafael FERNANDEZ, Administrator of the Estate of Placido
Fernandez, deceased, Plaintiff-Appellant,
v.
FLINT BOARD OF EDUCATION, a Michigan Municipal Corporation,
and Members, and George A. Odien, Incorporated, a
Michigan Corporation, individually and
jointly, Defendants-Appellees.
 No. 14098.
 United States Court of Appeals Sixth Circuit.
 Oct. 31, 1960, Extraordinary Motion for Rehearing on the
Merits En Banc Denied Dec. 2, 1960.
 
 Joseph Kadans, Detroit, Mich., (James A. Jameson, Bert H. Wicking, Jr., Detroit, Mich. on the brief), for appellant.
 George Cary, Detroit, Mich., (Cary, BeGole & Martin, Detroit, Mich., on the brief), for George A. Odien, Inc.
 C. Rees Dean, Flint, Mich., (Bellairs & Dean, Flint, Mich.), on the brief for Flint Board of Education.
 Before McALLISTER, MILLER and WEICK, Circuit Judges.
 PER CURIAM.
 
 
 1
 The action in the District Court was one for damages for the wrongful death of the decedent occasioned while he was laying pipe or tile in a ditch which caved in and fatally injured him.
 
 
 2
 The District Judge granted motions of the defendants to dismiss and this appeal was taken to review the order of dismissal.
 
 
 3
 Decedent was an employee of George A. Odien, Incorporated, which had a contract with the Board of Education for the construction of a storm and sanitary sewer system in the Kearsley Street area of the Flint College and Cultural Development.
 
 
 4
 It was not disputed that the injuries sustained by decedent, which resulted in his death, were accidental in nature and were sustained in the regular course of his employment. Both decedent and his employer were subject to the provisions of the Michigan Workmen's Compensation Act at the time. (Act 10, Public Acts of Michigan 1912, as amended; Compiled Laws, 411.1 to 417.14a, M.S.A. 17.141 to 17.230).
 
 
 5
 The administrator, with the approval of the Probate Court, received and accepted an award of compensation under the Michigan Workmen's Compensation Act which was paid by the contractor's insurance carrier and was for the benefit of the dependents of decedent.
 
 
 6
 Appellant claims that notwithstanding his acceptance of benefits under the Michigan Workmen's Compensation Act, he has an additional remedy against the employer of decedent for damages under the Michigan Wrongful Death Act (M.S.A. 27.711), Comp.Laws 1948, 691.581, which was in force prior to the passage of the Workmen's Compensation Act and asserts it has never been repealed.
 
 
 7
 The title to the Michigan Workmen's Compensation Act provides among other things 'and restricting the right to compensation or damages in such cases as are provided by this act.' It is further provided in the Act:
 
 
 8
 'Where the conditions of liability under this act exist, the right to the recovery of compensation benefits, as herein provided, shall be exclusive remedy against the employer.' Part I, Sec. 4, M.S.A. 17.144, Comp.Laws 1948, 411.4.
 
 
 9
 In the face of the plain language of the Act, we would not be justified in allowing the administrator to recover twice for the death of the decedent. No Michigan cases have been cited to us upholding appellant's contention and in the absence of such authority, we will follow the clear language of the Michigan Workmen's Compensation Act. The general rule is that Workmen's Compensation Acts provide the exclusive remedy against an employer. 58 Am.Jur. p. 588 Sec. 20.
 
 
 10
 The District Judge dismissed the complaint against the Board of Education on the ground that it was an agency of the State of Michigan and in contracting for the construction of storm and sanitary sewers it was engaged in the performance of a governmental function for which the Board could not be held liable in damages. Cf. Daniels v. Board of Education of City of Grand Rapids, 1916, 191 Mich. 339, 158 N.W. 23, L.R.A.1916F, 468; Daszkiewicz v. Detroit Board of Education, 1942, 301 Mich. 212, 3 N.W.2d 71; Richards v. Birmingham School District, 1957, 348 Mich. 490, 83 N.W.2d 643.
 
 
 11
 Appellant's claim is that the contractor violated the specifications in the contract by improper shoring and bracing of the ditch; that the Board of Education was under a continuing duty to daily inspect the work; that the Board acquiesced in the contractor's violation of the specifications and, therefore, was legally liable for the wrongful death of the decedent occasioned as a result thereof.
 
 
 12
 Assuming that the Board violated a legal duty, this would not convert a governmental function into a proprietary one. We have some difficulty in following appellant's contentions that the Board was under a duty to inspect the work daily or that it acquiesced in the contractor's violation because it failed to do so. Ordinarily inspections are made of the work of a contractor performing public work in order to protect the public. We know of no duty on the part of a governmental agency owing to the employees of an independent contractor to make such inspections or liability imposed on the agency for failure to do so.
 
 
 13
 We find no error in the judgment of the District Court and it is, therefore affirmed.
 
 
 14
 Extraordinary Motion for a Rehearing on the Merits, En Banc, etc.
 
 
 15
 The word 'accidental' as used in the opinion connoted an unforeseen or unexpected happening. It would not exclude a claim of negligence. Before recovery may be had under the Michigan Workmen's Compensation Act, the injuries must have been accidental in nature. The title to the Act expressly provides for 'compensation for * * * accidental injury to or death of employees * * *.' M.S.A. 17.141, Comp.Laws 1948, 411.1; Twork v. Munising Paper Co., 275 Mich. 174, 266 N.W. 311; Scott v. Alsar Co., 336 Mich. 532, 58 N.W.2d 910; Adkins v. Rives Plating Co., 338 Mich. 265, 61 N.W.2d 117. Having accepted the benefits under the Michigan Workmen's Compensation Act, appellant is in no position to claim that the Act did not apply.
 
 
 16
 Where the injury is covered by the Workmen's Compensation Act, the provisions of the Act constitute the exclusive remedy against the employer. The employee no longer has an action against his employer at common law or under the wrongful death statute. M.S.A. 17.144, Comp.Laws 1948, 411.4; Dershowitz v. Ford Motor Co., 327 Mich. 386, 41 N.W.2d 900; Totten v. Detroit Aluminum & Brass Corp., 344 Mich. 414, 73 N.W.2d 882; Remington v. General Motors, D.C., 127 F.Supp. 672 (Action under Michigan Death Act.); Douglas v. Detroit Edison Co., D.C., 145 F.Supp. 1; King v. Chrysler Corp., D.C., 150 F.Supp. 440.
 
 
 17
 The case Rookledge v. Garwood, 340 Mich. 444, 65 N.W.2d 785 involved a claim against a third party tortfeasor and is not in point. Appellant's motion for rehearing contains a rehash of many of the arguments made in his brief on the merits and with the citation of substantially the same authorities. In our judgment, appellant's case is without merit.
 
 
 18
 The Extraordinary Motion for a Rehearing on the Merits, En Banc, etc. is denied. National Labor Relations Board v. Cambria Clay Products Co., 6 Cir., 229 F.2d 433 and Northwest Airlines, Inc. v. Glenn L. Martin Co., 6 Cir., 229 F.2d 434, 50 A.L.R.2d 882.